DOMENIC POETA *et al.*, Plaintiffs-Appellees and Cross-Appellants, v. SHERIDAN POINT SHOPPING PLAZA PARTNERSHIP *et al.*, Defendants-Appellants and Cross-Appellees.

Second District   No. 2—89—0260

Opinion filed March 28, 1990.

William C. Marlatt, Jr., of Lake Forest, and Julius Abler, of Libertyville, for appellants.

Richard N. Kessler and Joseph E. Kolar, both of Becker & Baizer, of Highland Park, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

Defendants, Sheridan Point Shopping Plaza Partnership, Ralph Schwartz and Alex Largo, appeal from the trial court's award of $30,000 in punitive damages. They claim that the award is inappropriate as it is based upon a claim for breach of contract and it is excessive. Plaintiffs, Domenic Poeta, David Snider and Fortage, Inc., cross-appeal from the trial court's award of $100 in actual damages. They claim this award is insufficient as a matter of law. We affirm.

Defendants and plaintiffs entered into a lease arrangement whereby the plaintiffs agreed to lease commercial property in a shopping plaza for five years in order to operate a restaurant. The defend-

ants agreed to provide 12 parking spaces immediately adjacent to the property and approximately 50 more spaces just south of the plaza.

At the time the restaurant opened in August 1986, the defendants had provided the 12 spaces adjacent to the restaurant. However, the defendants began developing the property south of the plaza, and on or about October 1, 1987, the 12 spaces were eliminated. Plaintiffs filed a four-count complaint seeking, *inter alia,* an injunction to prevent the defendants from building further on the south property. The request for injunction was denied. The most parking spaces ever provided by the defendant was 42. The restaurant was closed in January 1988, allegedly due to loss of business occasioned by the lack of parking.

Plaintiffs filed a four-count amended complaint: count I sought recision of the lease; count II sought damages at law for fraud; count III sought punitive damages; and count IV sought damages for breach of contract. Plaintiffs filed a motion for partial summary judgment seeking a judgment as to liability only on counts I and IV of its amended complaint. Plaintiff chose to pursue its motion only as to count IV.

On July 13, 1988, the court found that there was no issue of material fact and granted summary judgment to plaintiffs as to liability only on count IV of its amended complaint. The order also provided that the matter would be set for prove up on the issue of damages only as to count IV on a date to be agreed to by the parties.

On August 10, plaintiffs filed a second amended complaint adding count V for negligent misrepresentation. Defendants filed a motion to strike counts I, II, III and V, and the court granted the motion as to to count I only. The court also continued the matter for "Trial." On two subsequent occasions the court entered orders continuing the matter for "Trial."

The trial in this matter lasted several days. On December 6, 1988, the court ruled, as it had earlier in the summary judgment ruling, that there was a breach of contract. The court also stated that it found there had been fraudulent conduct on the part of the defendants. However, the court found that actual damages caused by defendant's conduct had not been established. The court additionally stated that since there were no actual damages there could be no award of punitive damages. The court concluded its ruling by stating, "This court entered the judgment with severe reservations but feels it is required pursuant to the law it understands."

On December 27, on its own motion, the court called the parties before it and altered its ruling. The court stated that it had reviewed

the evidence and the applicable law and concluded that its earlier ruling was erroneous. The court then stated that it found actual damages had been established. However, the court expressed the extreme difficulty involved in quantifying these damages based on the evidence presented. The court entered an award of actual damages in the sum of $100, stating that it was confident that this amount was less than the damages actually incurred. The court also awarded punitive damages in the sum of $30,000.

Defendants filed a motion to vacate and a motion to reconsider, both of which the court denied. Defendants then filed a notice of appeal alleging that the court erred in awarding punitive damages. Plaintiffs filed a cross-appeal claiming that the actual damage award was insufficient as a matter of law. Defendants then filed a motion to strike plaintiff's cross-appeal. This court ordered the motion to be decided with the merits of the case.

Initially, we note the inadequacy of defendants' brief. Defendants' argument consists of 12 sentences which attempt to address three issues. Defendants present general principles of law that do not directly apply to this case. We admonish defendants in the future to read and fully comply with Supreme Court Rule 341(e)(7). (113 Ill. 2d R. 341(e)(7).) We will, however, resolve the apparent issues in the case.

Defendants first contend that the July 13, 1988, order granting partial summary judgment limited the proceedings in this case to a prove up of damages on count IV only. Therefore, any damages awarded were a result of defendants' liability for breach of contract as set forth in count IV. Since punitive damages are ordinarily not available in a breach of contract action, defendants contend that the court erred in awarding punitive damages of $30,000.

■ We find that the court's reasoning set forth in its denial of defendants' motion to vacate is clear and an accurate reflection of what transpired in this case. The trial in this matter was not only a prove up of damages on count IV but a full trial of all the issues raised by the complaint, except the liability issue of count IV, which was resolved by the motion for partial summary judgment. The orders entered by the court subsequent to July 13, 1988, state that the matter was continued for "Trial," not prove up. Additionally, both parties introduced evidence at trial that went far beyond the issue of damages. Plaintiffs called several witnesses who testified extensively as to the circumstances surrounding the negotiation, execution and the terms of the lease. This evidence is not relevant to the issue of damages. This evidence is an attempt to establish fraud and breach of contract. Defendants, however, did not at any time object to the intro-

duction of this testimony and, in fact, cross-examined the witness thoroughly on these issues. Also, defendants called their own witness and elicited evidence upon issues other than damages. We also note that on December 6, in announcing its original ruling, the court's comments expressly referred to counts II, III and V of the complaint. At no time during this discussion did the defendants claim that the trial was limited to the issue of damages on count IV.

Additionally, when the court, *sua sponte*, reconsidered its ruling on December 27 and assessed actual and punitive damages, the defendants did not raise the issue of the trial being limited to the issue of damages on count IV. It is clear that all parties to this proceeding, as well as the court, were operating under the impression that the trial was not limited to the issue of damages. We believe that the court was correct in finding that the trial was not limited to the issue of damages on count IV.

We now turn to the issue of whether the court was correct in awarding punitive damages. Defendants claim that the court awarded damages for breach of contract. Defendants then cite the general rule that punitive damages are not recoverable for breach of contract. (*Morrow v. L.A. Goldschmidt Associates, Inc.* (1986), 112 Ill. 2d 87, 91.) Therefore, defendants conclude that the court erred in awarding punitive damages.

■ While defendants correctly cite a general rule of law, we find that their argument has no merit. While the court did discuss breach of contract, and it is not entirely clear pursuant to which specific counts the court awarded damages, we find that defendants have not sustained their burden of persuading this court that the trial court erred in awarding punitive damages.

In its rulings of December 6, the court stated:

"With regard to the allegations of fraudulent conduct, the Court would find for the purpose of this case and from the record before it that the defendant, Schwartz, made false statement of material fact to the plaintiffs; he knowingly made that statement; that he intended that that statement be made to induce others, plaintiffs, to act; and that the actions by the plaintiffs were in reasonable reliance upon those statements. It also concludes that the statements made were part of an overall plan to secure action on the plaintiffs[,] here[,] their entry to the lease.

With regard to the fraud count, the Court would find as I believe it already has that plaintiffs cannot prevail only because the Court has concluded that it has not—the plaintiffs have not

shown actual damages proximately caused by the defendant's conduct."

On December 27, the court reconsidered its December 6 ruling and found that plaintiffs had established actual damages. The court stated:

"In the Court's earlier ruling, I had concluded that because there was no showing of actual damages, there couldn't be an award of punitive damages. But the Court has reconsidered its own decision, and I'll find that there was showing sufficient award of actual damages ***. However, that was the only reason why I didn't award punitive damages previously; that is, the non-existence of actual damages."

We are not persuaded that the court awarded punitive damages on the breach of contract claim and not on the fraud claim.

■ Defendants next contend that even if the court was correct in awarding punitive damages, the $30,000 award was excessive absent evidence of defendants' financial status. We disagree.

Defendants cite *Wilson v. Colston* (1983), 120 Ill. App. 3d 150, in support of their argument that evidence of financial status is required when awarding punitive damages. However, *Wilson* stands for just the opposite proposition. The court in *Wilson* stated:

"Courts in other jurisdictions that have considered the question of whether proof of a defendant's wealth is mandatory to the recovery of punitive damages have, without exception, held to the contrary. [Citations.]

We think these courts have adopted a proper rule ***. *** The defendant has not proposed and we have not discerned any problem with regard to due process involved in permitting punitive damages to be assessed without evidence of a defendant's net worth. *In view of our holding that a plaintiff need not introduce evidence of a defendant's financial worth to obtain an award of punitive damages,* the trial court did not err in submitting the issue of punitive damages to the jury in the absence of such evidence." (Emphasis added.) *Wilson*, 120 Ill. App. 3d at 152-53.

■ A reviewing court will not disturb an award of punitive damages that is allegedly excessive unless it appears that the award is a result of passion, partiality, or corruption. (*Deal v. Byford* (1989), 127 Ill. 2d 192, 204.) Defendants have not attempted to establish that the $30,000 punitive damage award was the result of passion, partiality, or corruption. The trial court's award of $30,000 in punitive damages was not excessive.

We now turn to plaintiffs' cross-appeal. Plaintiffs allege that the

court erred in awarding only $100 in actual damages. Plaintiffs allege this sum is insufficient as a matter of law because it does not place them in the same financial position that they would have been in had they not been the victims of defendants' fraud.

■■ Defendants have filed a motion to strike the plaintiffs' cross-appeal alleging that the plaintiffs cannot challenge the court order awarding $100 as actual damages because it was plaintiffs who requested this order to be entered.

The trial court orally expressed its findings on December 27, 1988. The court asked the plaintiffs to draft an order reflecting the court's findings. Plaintiff complied with this request and presented the order for the court's signature by way of a motion for entry of judgment. Plaintiffs did not "request" a judgment for $100. Defendants' argument is without merit.

Defendants also ask that the cross-appeal be stricken as the plaintiffs "did not raise the issue of the sufficiency of the $100 award of damages before the trial court." The issue of damages was clearly before the trial court. In fact, if defendants had been correct in their previous argument, that is the only issue that would have been before the court. It is not necessary for the plaintiffs to raise the issue of sufficiency of a damage award in a post-trial proceeding in order to present this issue for appellate review. (See 107 Ill. 2d Rules 366(b)(3)(i), (b)(3)(ii).) Defendants' motion to strike plaintiffs' cross-appeal is denied.

■■ We now turn to plaintiffs' argument. Plaintiffs are correct in that a "benefit-of-the-bargain" analysis for damages is appropriate in an action for fraud. (*In re Application of Busse* (1984), 124 Ill. App. 3d 433, 439.) It is elementary, however, that damages must be proved to be recovered. The finding of the trial court, sitting without a jury, as to damages will not be disturbed upon review unless it is manifestly erroneous. *Lynch v. Precision Machine Shop, Ltd.* (1982), 93 Ill. 2d 266 278; *Finance America Commercial Corp. v. Econo Coach, Inc.* (1983), 118 Ill. App. 3d 385, 390.

■■ We agree with the trial court that actual damages are extremely difficult if not impossible to quantify in this case. The evidence presented did not establish the amount of money plaintiffs would have received had they received the "benefit-of-the-bargain." All the evidence presented by plaintiffs was in terms of *gross* earnings. Plaintiffs ask this court to find that average gross earnings are an appropriate measure of damages as a matter of law. Gross earnings are not the measure of plaintiffs' loss in this case. Plaintiffs would be receiving far in excess of the "benefit-of-the-bargain" if

gross earnings were used to compute damages. If the parking was provided as promised, and the restaurant operated as expected, plaintiffs would have *net* earnings to show for their efforts, not *gross* earnings. There was little evidence presented as to the expenses incurred in operating the restaurant. We find that the court was not manifestly erroneous in awarding $100 as actual damages in this case.

■ Plaintiffs also ask this court to find that they are entitled to $3,200 in consequential damages. This sum allegedly represents the legal fees incurred in selling the restaurant to mitigate damages. This claim was not included in plaintiffs' complaint and, from our review of the record provided, was never brought to the court's attention during trial, or during defendants' motions to reconsider or vacate. This is a first-time request for consequential damages. A claim cannot be raised for the first time on appeal. *Keating v. Iozzo* (1987), 155 Ill. App. 3d 774, 776.

The trial court's award of actual and punitive damages is affirmed.

Affirmed.

UNVERZAGT, P.J., and REINHARD, J., concur.