MICHAEL WILLIAM HARRISS, Plaintiff-Appellee, v. KENNETH E. EL-LIOTT, Defendant-Appellant.

Second District   No. 2—90—0001

Opinion filed January 15, 1991.

Robert Steven Wilson, of Sycamore, for appellant.

Richard L. Turner, Jr., of Sycamore, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Defendant, Kenneth Elliott, appeals from the judgment entered in favor of plaintiff, Michael Harriss, in the amount of $5,140.75. Defendant raises five issues on appeal: first, whether plaintiff can recover punitive damages when there was no injury; second, whether the trial court erred in granting plaintiff's motion *in limine* which excluded evidence of a settlement with a codefendant; third, since the settlement exceeded the actual damages, whether there were any actual damages to form a basis for punitive damages; fourth, whether punitive damages of $5,000 are excessive when the actual damages were only $140.75; and finally, whether defendant was entitled to a credit in the amount of the codefendant's settlement payment against both the actual and the punitive damage awards.

Defendant has failed to file the reports of proceedings in this cause or an acceptable substitute (see 107 Ill. 2d Rules 323(b), (c), (d)). The appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with the law and had a sufficient factual basis. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92.) Any doubts which may arise from the incompleteness of the record will be resolved against the appellant. *W.E. Mundy Landscaping & Garden Center, Inc. v. Hish* (1989), 187 Ill. App. 3d 164, 166.

The record does reflect that on February 11, 1988, plaintiff filed a complaint in which he alleged that he was struck by a tow truck driven by defendant. In paragraph four of the complaint, plaintiff alleged that defendant's actions were negligent, but in paragraph five of the complaint he alleged the actions were willful and wanton. Plaintiff also named Patricia Elliott, d/b/a Pat's Towing, as a defendant. On February 14, 1989, pursuant to a stipulation by plaintiff and Patricia Elliott, the cause was dismissed with prejudice as to Patricia Elliott. The order stated that the court found the matter fully compromised and settled as it concerned Patricia Elliott and that all costs had been paid, but the order did not address whether the settlement was made in good faith. The subsequently filed release stated that

Patricia Elliott was released in consideration of $500. On September 13, 1989, plaintiff filed a motion to amend his complaint, supported by his affidavit pursuant to section 2—604.1 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—604.1), in which he added a prayer for punitive damages. An order granted the motion on September 20, 1989.

On October 3, 1989, the court conducted a trial, and the jury entered the following verdict:

> "We, the Jury, find for the plaintiff and against the defendant and assess the total amount of damages as follows:

| | |
|---|---|
| The nature, extent and duration of the injury | $  -0- |
| The disability resulting from the injury | $  -0- |
| The pain and suffering experienced as a result of the injuries | $  -0- |
| The reasonable expense of necessary medical care, treatment and services received | $   140.75 |
| Punitive damages | $5,000.00 |
| Total amount of damages | $5,140.75" |

The court entered judgment for $5,140.75 on the verdict. Defendant filed a motion to vacate the judgment and/or for a new trial, which the trial court denied. The trial court granted plaintiff's motion for *additur* pursuant to section 5—108 of Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 5—108), in which plaintiff sought $129 for costs expended in the cause. Defendant appeals.

■ Defendant's first argument is that plaintiff is not entitled to any award because he suffered no injury. However, plaintiff did receive compensation for "reasonable" and "necessary" medical expenses. There is nothing in the record before us to contradict this finding by the jury, and we must presume the award had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 392.

Defendant's second and third issues are that the trial court erred in granting plaintiff's motion *in limine* by which evidence of the settlement with the codefendant was excluded. Defendant maintains that, since the settlement exceeded the plaintiff's actual damages, the jury would not have granted any additional damages and, therefore, there would have been no basis for granting punitive damages.

■ As a general rule, evidence of a settlement with one defend-

ant is inadmissible against a plaintiff in his action against a remaining defendant. (*Casson v. Nash* (1978), 74 Ill. 2d 164, 170; see also *Batteast v. Wyeth Laboratories, Inc.* (1990), 137 Ill. 2d 175, 184; *Palmer v. Avco Distributing Corp.* (1980), 82 Ill. 2d 211, 227.) The trial court and not the jury should apply a setoff based on a settlement after the jury has determined the total damages without knowledge of any prior settlement. (*Singh v. Air Illinois, Inc.* (1988), 165 Ill. App. 3d 923, 935.) However, a claim for punitive damages cannot stand where there is no existing claim for compensatory damages. (*Ecker v. Big Wheels, Inc.* (1985), 136 Ill. App. 3d 651, 655.) Defendant contends that if the jury had been informed that the setoff exceeded the actual damages, there would have been no basis for assessing punitive damages, citing *Thrall Car Manufacturing Co. v. Lindquist* (1986), 145 Ill. App. 3d 712, 718.

In *Thrall*, the plaintiff sued three defendants for a conspiracy to defraud. Plaintiff settled with the principal defendant for the full amount of the compensatory damages, *i.e.*, the amount of which the plaintiff was defrauded. The other two defendants were dismissed on the ground that they owed no duty to the plaintiff. The court then ruled that because the plaintiff had already been fully compensated for his actual damages, the claims for punitive damages against the other defendants could not stand and were thus properly dismissed. 145 Ill. App. 3d at 718.

*Thrall* is distinguishable because in that case the actual damages were known prior to trial. In the cause before the court, the actual damages for unliquidated claims for pain and suffering and the like were not known until the jury verdict determined them. Plaintiff also notes that in *Thrall* the court stated that the plaintiff had been compensated for its actual damages "and no others [were] alleged." In the cause before the court, there is no indication in the record that the $500 settlement received from the codefendant satisfied all the alleged damage claims of plaintiff. The prayer for relief in the amended complaint sought $15,000 in damages.

Defendant's fourth argument is that the $5,000 punitive damage award was excessive. Defendant argues that punitive damages are not favored in the law (*Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 188), that the punitive damages are out of proportion to the actual damages, and that the legislature voiced its objections to the assessment of punitive damages by enacting section 2—1207 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—1207), which permits a court to enter a remittitur, grant a new trial, or apportion the award to the Illinois Department of Rehabilitation Services.

██ However, a reviewing court will not disturb an award of punitive damages that is allegedly excessive unless it appears that the award is a result of passion, partiality, or corruption. (*Deal v. Byford* (1989), 127 Ill. 2d 192, 204.) Defendant has presented no evidence that the award was a result of passion, partiality, or corruption. This court has affirmed other awards of punitive damages that far exceeded the actual damages. (See *Poeta v. Sheridan Point Shopping Plaza Partnership* (1990), 195 Ill. App. 3d 852, 857.) There is no evidence that defendant's behavior was not willful and wanton. (See *Loitz v. Remington Arms Co.* (1990), 138 Ill. 2d 404, 417.) There is no evidence that defendant was denied his rights of due process of law from the jury's unfettered discretion in assessing such an award. (See *Browning-Ferris Industries of Vermont, Inc. v. Kelco Disposal, Inc.* (1989), 492 U.S. 257, 276, 106 L. Ed. 2d 219, 239, 109 S. Ct. 2909, 2921; see also *Pacific Mutual Life Insurance Co. v. Haslip* (Ala. 1989), 553 So. 2d 537, *cert. granted* (1990), 494 U.S. 1065, 108 L. Ed. 2d 782, 110 S. Ct. 1780.) We also note that jury's discretion was not without control as the trial court had the opportunity, but declined, to grant a remittitur (Ill. Rev. Stat. 1989, ch. 110, par. 2—1207).

Finally, defendant contends he is entitled to a credit against the judgment by reason of section 2 of the Contribution Among Joint Tortfeasors Act (Act) (Ill. Rev. Stat. 1987, ch. 70, par. 302). Defendant contends he is entitled to a setoff of the full $500, but plaintiff contends that defendant is entitled to a setoff of only $140.75, as the balance represents punitive damages which are not covered by the Contribution Act. Defendant contends that the whole $500 may be credited because none of the award was allocated to either punitive or actual damages. Plaintiff attempts to avoid this argument by contending that because a prayer for relief had not been amended to request punitive damages at the time of the settlement, the parties to it could not have contemplated punitive damages as part of the settlement.

██ Intentional tort-feasors are not entitled to contribution under the Act. (*Gerill Corp. v. Jack L. Hargrove Builders, Inc.* (1989), 128 Ill. 2d 179, 206.) The amount of an award allocated to punitive damages is not subject to contribution. (*Hall v. Archer-Daniels-Midland Co.* (1988), 122 Ill. 2d 448, 459-60.) However, plaintiff has confused contribution with setoff. Contribution is a cause of action between two codefendants to recover an amount paid in excess of the *pro rata* share of common liability. The principle against double recovery prevents a plaintiff from collecting twice from joint debtors as the amount paid by one is set off from the common liability. (*Wilson v. The Hoffman Group, Ltd.* (1989), 131 Ill. 2d 308, 321.) The purpose of

compensatory tort damages is to compensate the plaintiff for his injuries, not to punish defendants or bestow a windfall upon plaintiffs. (131 Ill. 2d at 321.) Plaintiff is correct that the right of contribution does not apply to punitive damages, but that rule only prevents defendant from being able to sue Patricia Elliott, the codefendant, had she not settled pursuant to the Act. Plaintiff may not recover twice for the same injury. *Nguyen v. Tilwalli* (1986), 144 Ill. App. 3d 968, 973.

■ Without deciding whether setoff is ever applicable to punitive damage awards, we conclude that setoff is not appropriate in the instant case because the entire $500 settlement is clearly allocable to compensatory damages. The potential liability of Patricia Elliott, the settling defendant, would have been vicarious in nature. Vicarious liability presents a diminished basis for an award of punitive damages. (*Mattyasovszky v. West Town Bus Co.* (1975), 61 Ill. 2d 31, 36.) Moreover, the fact that plaintiff never sought punitive damages from Patricia Elliott confirms her lack of exposure to such damages. Thus, setoff of the $500 settlement against the award of punitive damages would have been inappropriate in this case.

■ We further note that the decisions regarding the double recovery rule refer only to compensatory tort damages. (*Popovich v. Ram Pipe & Supply Co.* (1980), 82 Ill. 2d 203, 209; *Dial v. City of O'Fallon* (1980), 81 Ill. 2d 548, 558.) The rationale supporting punitive damages is different because a punitive damage award is not directed at compensating a plaintiff's injury but is directed at punishing a defendant's actions. When a jury makes an assessment of punitive damages, one of the factors to be considered is the defendant's net worth. There is some authority for the proposition that punitive damages, unlike compensatory damages, are to be assessed separately and not jointly. (See *Bosco v. Serhant* (7th Cir. 1987), 836 F.2d 271, 281; *Kimes v. Trapp* (1964), 52 Ill. App. 2d 442, 447. But see *Smith v. Wunderlich* (1873), 70 Ill. 426, 437.) A jury's finding that a specific amount would sufficiently punish and deter a defendant from further willful and wanton misconduct would be of diminished effect if that party did not have to pay the full amount. *Bresland v. Ideal Roller & Graphics Co.* (1986), 150 Ill. App. 3d 445, 458.

■ Defendant contends that, because the settlement did not allocate the damages between actual and punitive damages, the full $500 should be set off. The issue of whether a settlement was properly allocated goes to the question of whether the settlement was made in good faith. (*Hall*, 122 Ill. 2d at 460.) Aside from the question whether the punitive damages cannot be set off, defendant has failed to show

that the settlement was not made in good faith. (See *Wilson*, 131 Ill. 2d at 318-19; *Hall*, 122 Ill. 2d at 461.) Plaintiff, however, has argued that none of the $500 was allocated to the punitive damages, and he is thus estopped from arguing that the $500 cannot be applied against the actual damages.

■■ The jury granted $140.75 in compensatory damages. The court granted plaintiff's motion for *additur* for $129 in costs. Under section 5—108 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 5—108), a plaintiff may recover costs which shall be recovered and enforced as other judgments. Plaintiff has not shown that a codefendant's share of the common liability should exclude costs where costs have been added to the judgment, especially when the order dismissing the codefendant found that all costs were paid. Plaintiff has already recovered the $140.75 in damages and the $129 in costs because these amounts do not exceed the $500 he was paid. Accordingly, in the interest of doing justice, we use our authority under Supreme Court Rule 366(a)(5) (107 Ill. 2d R. 366(a)(5)) to reduce the judgment against defendant to $5,000.

For the above reasons, the judgment of the trial court is modified to reflect a $5,000 judgment against defendant, Kenneth Elliott, and the judgment is affirmed as modified.

Affirmed as modified.

REINHARD, P.J., and UNVERZAGT, J., concur.