LEVOLIA ELLENS, Plaintiff-Appellant, v. CHICAGO AREA OFFICE FEDERAL CREDIT UNION *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—90—1212

Opinion filed June 21, 1991.

Chanon Williams, of Chicago, for appellant.

Hinshaw & Culbertson, of Chicago (D. Kendall Griffith, Peter D. Sullivan, and Gary L. Bazydlo, of counsel), for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Levolia Ellens, filed suit against defendants Chicago Area Office Federal Credit Union (credit union); board of directors of Chicago Area Office Federal Credit Union (board of directors); and Cumis Insurance Society, Inc. (Cumis), to recover salary for services plaintiff rendered as treasurer to a federally organized credit union, and compensatory damages for depriving him of his right to sit on the credit union board of directors. The trial court granted defendants' motion to dismiss eight counts of plaintiff's complaint, and the remaining two counts were subsequently dismissed by the court for want of prosecution.

Plaintiff appeals from the dismissal of all 10 counts. The central element for dismissal found in counts II through X concerns the lack of support for plaintiff's claim of compensable damages. Plaintiff's failure to provide an adequate justification for his damage calculation is of paramount importance in the dismissal of those nine counts, and outweighs our need to discuss other significant factors taken into account by the trial court in the dismissal of each individual count.

The following facts are adduced from the record. During 1982 and 1983, plaintiff served as a member of the board of directors of the credit union, and also as its treasurer. On March 30, 1983, plaintiff was reelected to the board for a two-year term.

On March 22, 1983, plaintiff issued a check to another board member, Amelia King, without obtaining board approval, in violation of express credit union regulations. At a meeting on April 7, 1984, the board discussed the facts and circumstances relating to the issuance of the check to King. Plaintiff refused to answer any of the board's inquiries regarding this incident. On April 17, 1984, the board voted to vacate plaintiff's office on the board for misconduct. The board notified Cumis, its insurance company which provided suretyship coverage, of its decision to remove plaintiff from the board. Cumis replied stating that plaintiff's bond coverage would be terminated under the board's comprehensive policy of fidelity insurance.

On July 26, 1984, plaintiff made a request to the board for $6,000 as payment for services rendered as treasurer of the credit union. The board refused plaintiff's request for payment.

In 1985, plaintiff was again elected to the board of directors by the membership of the credit union. The board refused to seat plaintiff or otherwise allow him to participate in board meetings or affairs because bond coverage of plaintiff under its policy with Cumis had been terminated.

In 1984, plaintiff and King filed suit in the United States District Court, Northern District of Illinois, against five individual board members seeking recovery for his salary as treasurer. Federal jurisdiction was based upon the Federal Credit Union Act, 12 U.S.C. §1761 (1988) (the Act). On September 9, 1986, trial was conducted resulting in a directed judgment in favor of defendants.

The U.S. magistrate made the following conclusions of law: (1) the board acted properly within its authority when it removed plaintiff as a member of the board of directors of the credit union; (2) pursuant to the business judgment rule, the board is presumed to have acted on an informed basis, in good faith, and in the honest belief that the action taken to vacate plaintiff's position on the board was in the best interests of the credit union; (3) the board's actions in vacating plaintiff's position were not arbitrary or capricious; and (4) plaintiff was not entitled to recover any compensation for his services as treasurer from defendants.

On November 18, 1987, plaintiff filed this complaint in the circuit court of Cook County against the credit union, the board of directors, Rosemarie Armstrong individually and as a member of the board of

directors, and Cumis. Plaintiff sought damages in excess of $50,000 for counts II through IX as compensation for deprivation of his right to run for, hold and serve as a member of the board of directors; to attend board meetings, and to otherwise function as a member of the board. In count X plaintiff alleges civil conspiracy among defendants, for which he claims $500,000 as damages to his reputation and for deprivation of his right to sit on the board of directors. Plaintiff also charges in his conspiracy count that defendants acted with malice, and requested punitive damages of $1,000,000.

COUNT I

In count I, plaintiff sought recovery of the same salary ($6,000) at issue in the Federal action, but named the credit union as defendant instead of the five individual board members. The credit union argues that plaintiff is barred from litigating this claim on the ground of *res judicata*. We agree.

■ Under the doctrine of *res judicata*, a final judgment on the merits which is rendered by a court of competent jurisdiction is conclusive as to the rights of the same parties or their privies, but that judgment bars a later action only if it involves the same cause of action. Significantly, it is conclusive not only as to every matter raised in the first action, but *also as to any matter which might have been raised. Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 461 N.E.2d 959; *Benton v. Smith* (1987), 157 Ill. App. 3d 847, 510 N.E.2d 952.

■■ The essential elements of *res judicata* are (1) an identity of parties or their privies in the two suits; (2) an identity of causes of action in the earlier and the later suit; and (3) a final judgment on the merits in the earlier suit. (*Best Coin-Op, Inc. v. Paul F. Ilg Supply Co.* (1989), 189 Ill. App. 3d 638, 545 N.E.2d 481.) In order for a previous judgment to be conclusive, it must appear clearly and certainly that the precise issue was decided in the previous action. (*Coulter v. Renshaw* (1981), 94 Ill. App. 3d 93, 418 N.E.2d 489.) The party asserting the preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment. *People ex rel. Scott v. Chicago Park District* (1976), 66 Ill. 2d 65, 360 N.E.2d 773; *Redfern v. Sullivan* (1982), 111 Ill. App. 3d 372, 444 N.E.2d 205.

■ In this case, *res judicata* is operative as a bar against count I because the issue of plaintiff's compensation for services rendered as treasurer for the credit union was previously decided in the Federal action. (*King v. Armstrong* (N.D. Ill. September 9, 1986), No. 84 C 9439.) While plaintiff named the credit union in the present case in-

stead of the five individual board members, privity exists because the board members were agents of the credit union. As such, an adjudication in favor of the agent would necessarily exonerate the principal. (*Hays v. Louisiana Dock Co.* (1983), 117 Ill. App. 3d 512, 521, 452 N.E.2d 1383, 1390.) Plaintiff's request for salary represents the same cause of action in which the Federal magistrate found that plaintiff was properly removed from the board of directors and was not entitled to compensation for his services as treasurer.

We conclude, therefore, that the trial court correctly dismissed count I on the basis of *res judicata* because the Federal court action was a final determination on the merits of plaintiff's claim for compensation.

COUNT II

Count II is a tort claim against the board of directors of the credit union seeking damages for violation of the board's alleged duties under the Act. Plaintiff contends that this provision imposes a statutory duty upon the board to provide him with bond coverage from the time he was reelected to a two-year term in December 1985. Plaintiff argues that the board made no attempt during the two-year period to provide a bond for him in violation of its statutory duty.

COUNT III

Count III, also brought against the board of directors, alleges that the board violated a duty imposed by the bylaws of the credit union and its own policy, practice and custom to insure and obtain adequate fidelity coverage for plaintiff. He contends that notwithstanding the fact that the board had purchased fidelity coverage from Cumis, the board had a duty to secure a bond for plaintiff from Cumis or another insurer.

COUNT IV

Count IV complains that the board acted outside of its authority granted by statute, regulations or bylaws in refusing to seat plaintiff on the board of directors.

COUNTS V, VI & VII

Counts V, VI and VII incorporate the allegations of counts II, III and IV respectively; however, these three counts seek recovery from the credit union instead of the board of directors.

COUNTS VIII & IX

These two counts seek recovery against Cumis for failing to provide plaintiff with bond coverage. Plaintiff maintains that Cumis breached its duty under two written agreements to insure the credit union against loss of property caused by any credit union employee or directors, and to insure the board of directors against liability for any wrongful act.

In count IX, plaintiff complains that Cumis lacked a good, valid, legitimate reason to deny bonding of plaintiff, and that Cumis had a duty to deal in good faith with the insured once he was reelected to the board in December, 1985.

COUNT X

Count X alleges that all of the defendants conspired to deprive plaintiff of his right as a member of the credit union to sit on the board of directors. In furtherance of this alleged conspiracy, plaintiff asserts that defendants committed the following acts: (1) Cumis refused to provide bonding coverage to plaintiff, and sent a letter to the board of the credit union stating that coverage would no longer be provided to plaintiff under the discovery bond; (2) the board of directors advised plaintiff that he could not serve, sit or meet with the board; (3) the board did not obtain bonding for the plaintiff.

We turn to the issue of plaintiff's damages. The trial judge found that plaintiff failed to set forth damages with any specificity, and that plaintiff's allegations that his damages consisted of his inability to sit on the board of directors did not constitute compensable damages. After dismissing counts I through VII and count X, the trial judge allowed plaintiff the opportunity to replead counts VIII and IX pursuant to section 2—612 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—612). Plaintiff declined to replead these counts or provide the judge with any indication as to the method utilized to calculate damages. The judge subsequently dismissed counts VIII and IX for want of prosecution.

It is well established that it is the plaintiff's burden not only to establish that he sustained damages, but he must also establish a reasonable basis for computation of those damages. (*Kohlmeier v. Shelter Insurance Co.* (1988), 170 Ill. App. 3d 643, 525 N.E.2d 94.) With respect to computation of damages, we find the following passage from Corpus Juris Secundum to be instructive:

"Computation of the amount of damages should be made on a fair and reasonable basis adequately reflecting the injury as re-

vealed by the pleadings and evidence." 25A C.J.S. §194, at 259 (1966).

After review of the record in counts II through X, we find that dismissal was proper in view of plaintiff's failure to show how he sustained any damages. Plaintiff has not alleged any personal or employment injuries, or that he sustained any loss of economic or property interests as a result of not being able to sit on the board of directors of the credit union. Moreover, plaintiff does not seek reinstatement of his position as a board member.

We find the record devoid of any support whatsoever to support plaintiff's claim for compensatory damages in the amount of $50,000 for each count. The purpose of compensatory damages is to compensate the plaintiff for damages sustained and not to punish the defendant or to award a windfall to the plaintiff. (*McLane v. Russell* (1989), 131 Ill. 2d 509, 546 N.E.2d 499.) Since damages cannot be awarded on the basis of speculation or conjecture, plaintiff's claims must fail. *Schoeneweis v. Herrin* (1982), 110 Ill. App. 3d 800, 443 N.E.2d 36.

■■ ■ Plaintiff's prayer for punitive damages fares no better. Punitive damages are awarded when a tort is committed with fraud, actual malice, deliberate violence or oppression, or when a defendant acts in a willful or grossly negligent manner such as to indicate a wanton disregard of others. (*Kohlmeier v. Shelter Insurance Co.*, 170 Ill. App. 3d 643, 525 N.E.2d 94, citing *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353.) The intent behind the imposition of punitive damages is to punish the defendant, to teach him not to repeat his intentional, deliberate and outrageous conduct, and to deter others from similar conduct. (*Cornell v. Langland* (1982), 109 Ill. App. 3d 472, 475, 440 N.E.2d 985, 987.) We do not find Cumis' refusal to provide bond coverage to plaintiff after his previous discharge for misconduct to be an unreasonable action. Further, we do not believe that the credit union's unwillingness to obtain bond coverage from another source to be the type of conduct that should warrant the imposition of punitive damages.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RAKOWSKI, P.J., and LaPORTA, J., concur.