Estelle J. WORTHEM, Plaintiff,

v.

The GILLETTE COMPANY, Defendant.

No. 90 C 5402.

United States District Court,
N.D. Illinois, E.D.

Oct. 2, 1991.

Philip L. Mandell, Sigi M. Offenbach, Pitler & Mandell, Chicago, Ill., for plaintiff.

Thomas J. Burke, Jr., Joseph A Hinkhouse, Lord, Bissell & Brook, Chicago, Ill., for defendant.

ORDER

NORGLE, District Judge.

Before the court is The Gillette Company's ("Gillette") motion to dismiss plaintiff's punitive damages count of her complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the court denies the motion.

## FACTS

On August 16, 1989, plaintiff, an Illinois resident, bought a "Toni, Epic Waves, Adaptable Perm" which among other things contained a hair curling solution. This product is manufactured by Gillette, a Delaware corporation. After applying the solution to her hair, some of the solution dripped into her eyes. She immediately rinsed her eyes with cool water several times, in accord with package directions. Unfortunately, the rinsing failed and plaintiff suffered injury to her right eye. She sued Gillette alleging diversity conferred subject-matter jurisdiction on this court and that Illinois law applied. The complaint claimed causes of action based on strict products liability, negligence, and a third count captioned "COUNT FOR PUNITIVE DAMAGES." In that count plaintiff pleaded that Gillette was willful and wanton in its conduct. The final paragraph asked for punitive damages. It is with this count that Gillette takes issue.

## DISCUSSION

On a motion to dismiss, all well-pleaded factual allegations are taken as true. *Johnson v. Martin,* 943 F.2d 15, 16 (7th Cir.1991); *Harris Trust & Savings Bank v. E–II Holdings, Inc.,* 926 F.2d 636, 641 n. 17 (7th Cir.1991). All reasonable inferences to be drawn from those allegations are also accepted as true. *Nelson v. Monroe Regional Medical Center,* 925 F.2d 1555, 1558 (7th Cir.1991). Dismissal under Rule 12(b)(6) is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Prince v. Rescorp. Realty,* 940 F.2d 1104, 1106 (7th Cir. 1991); *Kohl v. Murphy,* 767 F.Supp. 895, 898 (N.D.Ill.1991).

Gillette's motion seeks dismissal on two bases. First, defendant claims that Section 2–604.1 of the Illinois Code of Civil Procedure mandates dismissal of this claim. Ill. Rev.Stat. ch. 110, ¶ 2–604.1 (1991). Second, Gillette maintains that plaintiff's allegations fail to state a cognizable claim for punitive damages and should therefore be dismissed. Plaintiff has chosen to stand on her pleadings.

A. Construction of Ill.Rev.Stat. ch. 110, ¶ 2–604.1 (1991).

When sitting in diversity, a federal court merely acts as an agent of the state in which it sits, applying the law of that state as a whole. *United Rope Distributors, Inc. v. Seatriumph Marine Corp.,* 930 F.2d 532, 535 (7th Cir.1991). Thus, state law controls all issues of substantive law, (*Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.,* 924 F.2d 633, 637 (7th Cir.1991)) and the Federal Rules of Civil Procedure control all issues of a procedural nature. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Therefore, this court is left to determine whether Ill.Rev.Stat. ch. 110, ¶ 2–604.1 (1991) is substantive or procedural. As the ensuing discussion reveals, this court concludes the section is procedural.

The relevant text of 2–604.1 states:

Pleading of punitive damages. In all actions on account of bodily injury or physical damage to property, based on negligence, or product liability based on strict tort liability, where punitive damages are permitted no complaint shall be filed containing a prayer for relief seeking punitive damages. However, a plaintiff may, pursuant to a pretrial motion and after a hearing before the court, amend the complaint to include a prayer for relief seeking punitive damages. The court shall allow the motion to amend the complaint if the plaintiff establishes at such hearing a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages. Any motion to amend the complaint to include a prayer for relief seeking punitive damages shall be made not less than 30 days after the close of discovery....

Ill.Rev.Stat. ch. 110, ¶ 2–604.1 (1991).

A determination of whether this section is procedural or substantive can begin with the obvious. Section 2–604.1 is located within the Illinois Code of Civil Procedure. It was added to the Civil Practice Law for actions accruing after November 25, 1986.

Ill.Rev.Stat. ch. 110, ¶ 2–604.1, Historical & Practice Notes (1991). Those same notes later state: "[t]his section employs the device of prescribing *pleading* restrictions as a way of *indirectly affecting the ultimate right to recover*" and still later state, "this section only restricts the *pleading* of punitive damages." *Id.* (emphasis added). Even the section itself is captioned "Pleading of punitive damages." Although in and of itself not dispositive, these references provide persuasive authority that the drafters intended the section to be procedural.

This impression is reinforced by an examination of the text of the statute itself. Section 2–604.1 neither creates nor destroys any substantive right. Rather, it provides a *time* within which, in a limited number of cases, punitive damages may be sought. Although a failure to timely plead a claim for punitive damages might bar the claim altogether (*Yates v. Brock*, 191 Ill. App.3d 358, 363, 547 N.E.2d 1031, 1034, 138 Ill.Dec. 605, 608 (4th Dist.1989), *appeal denied*, 131 Ill.2d 568, 553 N.E.2d 403, 142 Ill.Dec. 889 (1990)), this does not make the device a substantive law. Instead, it is a procedural device used to limit certain damage claims upon failure of the plaintiff to properly seek those claims.

█ The court's inquiry does not end there. Under *Erie* and its offspring, this court must determine whether the law in question affects the outcome of the litigation. If it does, the law is substantive and must be applied, but if it does not, it is procedural. *Hanna v. Plummer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). The dual goals of *Erie*, namely preventing forum shopping and avoiding inequitable application of laws, are only satisfied when considering the "outcome-determinative" test. *Id.* at 468, 85 S.Ct. at 1142. The core of this test is undeniably based on fairness in application of laws between forums. *Byrd v. Blue Ridge Rural Elec. Coop.*, 356 U.S. 525, 537–38, 78 S.Ct. 893, 900–01, 2 L.Ed.2d 953 (1958). It is a necessary and not a talismanic consideration for this court's analysis. *Hanna*, 380 U.S. at 467, 85 S.Ct. at 1141–42; *Abernathy v. Superior Hardwoods, Inc.*, 704 F.2d 963, 971 (7th Cir.1983); *see also, In re Air Crash Disaster Near Chicago*, 803 F.2d 304, 313–14 (7th Cir.1986). Examination again supports the conclusion that 2–604.1 is procedural.

A determination that 2–604.1 is procedural would not in any way alter the outcome of this case nor others to follow it. In the first instance, forum shopping is not encouraged. All a state court plaintiff must show at a hearing is a "reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages." Under the federal rules a party must make a good faith reasonable inquiry into the facts of each case *before* it is filed. Fed. R.Civ.P. 11. Further, frivolous suits are subject to dismissal under Rule 12(b)(6), and summary judgment pursuant to Rule 56(c). In effect, the federal pleader has always had a heavier burden earlier in the litigation process than the new Illinois law requires. Arguably, Illinois attorneys now have this requirement as well. Ill.Rev. Stat. ch. 110A, ¶ 137 (1991).

For the same reasons, there is no inequitable application of laws. If anything, the federal law requires inquiry earlier and more substantially than 2–604.1. If a litigant were seeking to avoid the "harshness" of this law, knocking on the federal courthouse door would provide no refuge if this law were considered procedural.

Additional support is gained from those few other federal decisions considering this matter. *In re Asbestos Cases*, No. 86 C 1739 (N.D.Ill. March 8, 1990) (Westlaw, 1990 WL 36790) (1990 U.S.Dist. LEXIS 2606); *Belkow v. Celotex, Corp.*, 722 F.Supp. 1547 (N.D.Ill.1989); *Berry v. Eagle–Picher*, Nos. 86 C 1739 and 88 C 10631 (N.D.Ill. June 27, 1989) (Westlaw, 1989 WL 77764) (1989 U.S.Dist. LEXIS 7671). These all conclude, in an approach similar to that taken by this court, that 2–604.1 is procedural.

Finally, an examination of other authorities does not lead to a conclusion other than that 2–604.1 was intended as a procedural device. Illinois cases have only marginally dealt with the issue. *See Loitz v. Remington Arms Co.*, 138 Ill.2d 404, 417,

563 N.E.2d 397, 401–02, 150 Ill.Dec. 510, 514–15 (1990); *Harriss v. Elliott,* 207 Ill. App.3d 384, 387, 565 N.E.2d 1041, 1042, 152 Ill.Dec. 359, 360 (2d Dist.1991); *Kemner v. Monsanto Co.,* 217 Ill.App.3d 188, 576 N.E.2d 1146, 1152, 160 Ill.Dec. 192, 198 (5th Dist.1991); *Malfeo v. Larson,* 208 Ill. App.3d 418, 422, 567 N.E.2d 364, 367, 153 Ill.Dec. 406, 409 (1st Dist.1990); *Yates,* 191 Ill.App.3d at 363, 547 N.E.2d at 1034, 138 Ill.Dec. at 608 (4th Dist.1989). Nor have commentators thoroughly discussed the matter. *See* Grace M. Giesel, *The Knowledge of Insurers and the Posture of Parties in the Determination of Insurability of Punitive Damages,* 39 Kan.L.Rev. 355 (Winter 1991); Barry Levenstan & Daniel Lynch, *Punitive Damages Awards Against Successor Corporations: Deterrent of Malicious Torts of Legitimate Acquisitions?,* 26 Tort & Ins.L.J. 27 (Fall 1990); Note, *The Need for Reform of Punitive Damages in Mass Tort Litigation: Juzwin v. Amtorg Trading Corp.,* 39 DePaul L.Rev. 775 (Spring 1990).

This court concludes that Ill.Rev.Stat. ch. 110, ¶ 2–604.1 (1991) is procedural and, therefore, it does not apply to this case. As a result, defendant's motion to dismiss on that basis is denied.

**B. Sufficiency of Punitive Damage Claim**

Defendant asserts a second basis to dismiss plaintiff's punitive damage count. Gillette contends "[p]laintiff's 'knew or should have known' allegations are mere negligence allegations [and are therefore] insufficient to merit punitive damages." If this were all that plaintiff had pleaded, the court might agree. However, an examination of the count reveals that it presents substantially more than simply just "knew or should have known" allegations. Therefore, Gillette's motion to dismiss the count on this basis is also denied.

■ Merely inserting a conclusion that punitive damages are merited is certainly not enough to sustain plaintiff's burden. *Bastian v. TPI Corp.,* 663 F.Supp. 474, 476 (N.D.Ill.1987). Rather, plaintiff has the burden of showing a reasonable basis for computation of all damages, including punitive or exemplary damages. *Ellens v. Chi-*

*cago Area Office Federal Credit Union,* 216 Ill.App.3d 101, 106, 576 N.E.2d 263, 267, 159 Ill.Dec. 594, 598 (1st Dist.1991). Punitive damages are properly awarded when the defendant acted fraudulently, with actual malice, deliberate violence or oppression, or in a grossly negligent manner so as to indicate a wanton disregard for the safety of others. *Harvey v. Price,* 603 F.Supp. 1205, 1207 (S.D.Ill.1985); *Kelsay v. Motorola, Inc.,* 74 Ill.2d 172, 186, 384 N.E.2d 353, 359, 23 Ill.Dec. 559, 565 (1978); *Ellens,* 216 Ill.App.3d at 107, 576 N.E.2d at 267, 159 Ill.Dec. at 598; *Huelsmann v. Berkowitz,* 210 Ill.App.3d 806, 813, 568 N.E.2d 1373, 1378, 154 Ill.Dec. 924, 929 (5th Dist.1991); *Yates,* 191 Ill.App.3d at 362, 547 N.E.2d at 1034, 138 Ill.Dec. at 608; *Overbey v. Illinois Farmers Ins. Co.,* 170 Ill.App.3d 594, 605, 525 N.E.2d 1076, 1083, 121 Ill.Dec. 769, 776 (2d Dist.1988). The purpose of punitive damages is " 'to punish the defendant, to teach him not to repeat his intentional, deliberate and outrageous conduct, and to deter others from similar conduct.' " *Kohlmeier v. Shelter Ins. Co.,* 170 Ill.App.3d 643, 657–58, 525 N.E.2d 94, 104, 121 Ill.Dec. 288, 298 (5th Dist.) (quoting *Cornell v. Langland,* 109 Ill.App.3d 472, 475, 440 N.E.2d 985, 987, 65 Ill.Dec. 130, 132 (1st Dist.1982)), *appeal denied,* 122 Ill.2d 576, 530 N.E.2d 247, 125 Ill.Dec. 219 (1988); *see also Green v. United States,* 709 F.2d 1158, 1165 (7th Cir.1983). As previously stated, in a motion to dismiss all well-pled allegations are taken as true. *Harris Trust,* 926 F.2d at 641 n. 17.

■ An examination of plaintiff's complaint reveals that she has gone far beyond simple "knew or should have known" claims. The count specifically pleads that "willful and wanton acts or omissions [were] committed or omitted with conscious indifference to existing circumstances and conditions" and then goes on to enumerate specific instances of willful and wanton conduct. Federal courts require notice pleading, providing a short plain statement of the claim upon which plaintiff bases his cause of action is sufficient. Fed.R.Civ.P. 8(a); *Perkins v. Silverstein,* 939 F.2d 463, 467 (7th Cir.1991). Plaintiff's complaint ad-

equately informs the defendant of the claim and facts that give rise to that claim.

 Perhaps defendant objects that the same conduct may serve as the basis for both a negligence claim and a punitive damage count. However, the same acts of a defendant may serve as the basis for both negligence and willful and wanton conduct counts when pleaded alternatively. *Bastian*, 663 F.Supp. at 476. It is for the trier of fact determines which conduct, if any, has been demonstrated by the proofs of the case. This is equally true with regard to a product liability claim, if the proper standard of conduct can be confirmed by the evidence. *Id.; Davis v. International Harvester Co.*, 167 Ill.App.3d 814, 825–26, 521 N.E.2d 1282, 1289, 118 Ill.Dec. 589, 596 (2d Dist.1988). The court has examined defendant's other cases and arguments and find them unpersuasive.

## CONCLUSION

For the foregoing reasons, defendant the Gillette Company's motion to dismiss plaintiff's complaint is denied.

IT IS SO ORDERED.