James J. PROBASCO, Plaintiff,

v.

FORD MOTOR COMPANY, Defendant.

No. 00–1441.

United States District Court,
C.D. Illinois.

Feb. 11, 2002.

Jay Irwin, West Des Moines, IA, Brian Kuehn, Peoria, IL, for Plaintiff.

John Krivicich, Chicago, IL, Robert Dewey, Timothy Bertschy, Nicholas Bertschy, Peoria, IL, for Defendant.

## ORDER

MIHM, District Judge.

This matter is before the Court on a Motion for Partial Summary Judgment filed by Defendant, Ford Motor Company ("Ford"). For the following reasons, the Motion is GRANTED IN PART and DENIED IN PART [# 14].

### JURISDICTION

The Court has jurisdiction over the above-styled matter pursuant to 28 U.S.C.

§ 1332(a)(1) and (c)(1) as the Plaintiff is a citizen of Iowa and the Defendant a citizen of Michigan (Ford is incorporated under the laws of Michigan and has its principal place of business in the same state). 28 U.S.C. § 1332 (West 1993).

## BACKGROUND

On December 20, 1998, while driving on U.S. Interstate 80 near Princeton, Illinois, the Plaintiff, James Probasco ("Probasco"), had an accident while driving his Ford Bronco II and suffered severe injuries.

As a result of this accident, Probasco filed a six-count complaint against Ford on December 19, 2000, requesting compensatory and punitive damages as well as a jury trial.

## SUMMARY JUDGMENT STANDARD

A motion for summary judgment will be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The moving party may meet its burden of showing an absence of material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." *Id.* at 2553. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Cain v. Lane*, 857 F.2d 1139, 1142 (7th Cir.1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87,

106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. *Celotex Corp.*, 106 S.Ct. at 2553. This Court must then determine whether there is a need for trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may be reasonably resolved in favor of either party. *Anderson*, 106 S.Ct. at 2511; *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir.1995).

## DISCUSSION

Probasco's Complaint contains the following claims against Ford: (1) Ford is strictly liable for the defect in the Bronco II (Count I); (2) Ford is liable for its failure to warn Probasco that the Bronco II was defectively and negligently designed and manufactured (Count II); (3) Ford is liable for its negligence in designing, manufacturing, assembling and supplying a dangerous, unsafe, and unfit Bronco II (Count III); (4) Ford breached the implied warranty of merchantability (Count IV); (5) Ford breached the implied warranty of fitness for a particular purpose (Count V); (6) Ford acted in willful and wanton disregard for Probasco's safety and as a result is subject to a punitive damages award (Count VI). (Compl. pp. 2–6.)

Ford argues that summary judgment is appropriate on the breach of implied warranty of merchantability claim (Count IV), the breach of implied warranty of fitness for a particular purpose claim (Count V), and the request for punitive damages (Count VI). The Court will address each argument in turn.

## I. Breach of Implied Warranties of Merchantability and Fitness

Ford argues that the Plaintiff's implied warranty claims (Counts IV and V) are

timebarred under 810 ILCS § 5/2–725 (West 1993). Ford further argues that judgment should be entered in its favor on the breach of implied warranty of fitness claim (Count V) because there is no particular purpose at issue. Rather, argues Ford, the Bronco II vehicle was sold and used for its ordinary purpose, which includes interstate driving. The Plaintiff concedes that these claims are barred by § 5/2–725, and that no particular purpose is at issue in this case. Accordingly, the Court GRANTS summary judgment in favor of the Defendant on Counts IV and V.

## II.  Punitive Damages

Within the Illinois Code of Civil Procedure, 735 ILCS § 5/2–604.1 (West Supp. 2001) (effective March 9, 1995), titled "Pleading of punitive damages," regulates the pleading of punitive damages as follows:

> In all actions on account of bodily injury of physical damage to property based on negligence, or product liability based on any theory or doctrine, where punitive damages are permitted no complaint shall be filed containing a prayer for relief seeking punitive damages. However, a plaintiff may, pursuant to a pretrial motion and after a hearing before the court, amend the complaint to include a prayer for relief seeking punitive damages. The court shall allow the motion to amend the complaint if the plaintiff establishes at such a hearing a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages. Any motion to amend the complaint to include a prayer for relief seeking punitive damages shall be made not later than 30 days after the close of discovery. A prayer for relief added pursuant to this Section shall not be lapse of time under any statute prescribing or limiting the time within which an action may be brought or right asserted if the time prescribed or limited had not expired when the original pleading was filed.

§ 5/2–604.1.

█ Ford argues that judgment should be entered in its favor because § 5/2–604.1 forbids the pleading of a prayer for punitive damages in the complaint, but requires that a plaintiff move to amend his or her complaint to seek punitive damages after a hearing where the plaintiff must establish a reasonable likelihood of proving facts sufficient to support an award of punitive damages. *Id.* As no such hearing has taken place, Ford argues, Probasco lacks authority to seek punitive damages under Illinois law. In response, Probasco argues that judgment is inappropriate because the Illinois Supreme Court found the Civil Justice Reform Act of 1995, which amended § 5/2–604.1, unconstitutional in its entirety.

Section 5/2–604–1 was amended by the Civil Justice Reform Amendments of 1995 (Pub. Act 89–7, § 15, eff. March 9, 1995).[1] *See Hurst v. Capital Cities Media Inc.,* 323 Ill.App.3d 812, 257 Ill.Dec. 771, 754 N.E.2d 429, 436 (2001). The Illinois Supreme Court found the Civil Justice Reform Act of 1995 unconstitutional in its entirety. *Id.* at 436–37 (citing *Best v. Taylor Machine Works,* 179 Ill.2d 367, 228 Ill.Dec. 636, 689 N.E.2d 1057 (1997)). "The effect of enacting an unconstitutional act is to leave the law in force as it was before the enactment of the unconstitutional act." *Id.* at 438. Therefore, the version of § 5/2–604.1 that was in effect before the 1995 amendments would apply to the present action. *See* 735 ILCS

---

**1.** The Civil Justice Reform Amendments of 1995 changed the first sentence of § 5/2– 604.1. It changed "strict tort liability" to "any theory or doctrine."

§ 5/2–604.1 (West 1993) (current version at § 5/2–604.1 (Supp.2001)).

■ However, regardless of which version of § 5/2–604.1 applies, because the statute is a state procedural requirement it does not govern federal courts deciding state law claims. *See Randle v. Chicago*, 2000 WL 1536070, *5 (N.D.Ill.2000); *Serfecz v. Jewel Food Stores, Inc.*, 1997 WL 543116, *6–8 (N.D.Ill.1997); *Johnson v. Ramesh Vemuri, et. al.*, 1994 WL 695527,- *4–5 (N.D.Ill.Dec.9, 1994); *Worthem v. Gillette Co.*, 774 F.Supp. 514, 515–17 (N.D.Ill.1991); *In re Asbestos Cases*, 1990 WL 36790, *3 (N.D.Ill.1990).

■ Ford argues that the failure to apply § 5/2–604.1 in federal diversity cases would promote forum shopping. Ford's argument arises from the following rationale behind applying the substantive, but not procedural law of the state in which the federal court sits: " '[T]he outcome of the litigation in federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State Court.' " *Serfecz*, 1997 WL 543116 at *6 (citing *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945)). This "outcome determinative" test must "be guided by the 'twin aims of the *Erie* rule'—namely, 'discouragement of forum-shopping and avoidance of inequitable administration of the laws.' " *Id.* (citing *Hanna v. Plumer*, 380 U.S. 460, 468, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)). Thus, Ford's argument addresses one of the twin aims of *Erie*. Despite Ford's assertion, the courts that have addressed this very issue agree that the application of § 5/2–604.1 in federal diversity actions is not necessary to prevent forum shopping. *See Serfecz*, 1997 WL 543116 at *6–8; *Johnson*, 1994 WL 695527 at *4–5; *Worthem*, 774 F.Supp. at 516; *In re Asbestos Cases*, 1990 WL 36790 at *3. These Courts are in agreement that because Fed.R.Civ.P. 11, like § 5/2–604.1,

requires a party to make a reasonable inquiry to ensure that allegations and factual contentions have or will have evidentiary support, there is little likelihood that parties will flock to federal court to avoid Illinois' requirement of a hearing under § 5/2–604.1. One court stated:

> [F]orum shopping is not encouraged. All a state court plaintiff must show at a hearing is a "reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages." Under the federal rules a party must make a good faith reasonable inquiry into the facts of each case *before* it is filed. Further frivolous suits are subject to dismissal under Rule 12(b)(6), and summary judgment pursuant to Rule 56(c). In effect, the federal pleader has always had a heavier burden earlier in the litigation process than the new Illinois law requires. Arguably, Illinois attorneys now have this requirement.

*Worthem*, 774 F.Supp. at 516. Thus, given that the Federal Rules of Civil Procedure require the same showing as § 5/2–604.1, it is not likely that parties will "try to sneak their way into federal court simply to escape the necessity of appearing at a pretrial punitive damages hearing required by Illinois state courts." *Johnson*, 1994 WL 695527 at *5.

■ Ford further argues that the application of § 5/2–604.1 in federal diversity cases would promote the following important policies: (1) it would remove the stigma created by pleading a meritless claim for punitive damages unless and until facts justifying such a claim are adduced; and (2) it restricts the use of punitive damages solely for leverage. These policies are promoted by Fed.R.Civ.P. 11 as well. Rule 11's requirement that a party have or be likely to have evidentiary support for his or her allegations protects against mer-

itless punitive damages claims. Fed. R.Civ.P. 11(b)(2). In addition, Rule 11's bars against presenting pleadings to the court for an improper purpose would protect against the use of punitive damages solely for leverage. Fed.R.Civ.P. 11(b)(1). Thus, the important policies behind § 5/2–604.1 are promoted by the Federal Rules of Civil Procedure as well. To the extent that Ford argues that these policies transform § 5/2–604.1 into a substantive law, its argument must fail because it ignores the evidence establishing that § 5/2–604.1 is procedural. Section 5/2–604.1 "is expressly labeled as a pleading provision and is located in the Illinois Code of Civil Procedure," which governs pleading and procedure in Illinois. *See Serfecz,* 1997 WL 543116 at *8. *See also Johnson,* 1994 WL 695527 at *5; *Worthem,* 774 F.Supp. at 516; *In re Asbestos Cases,* 1990 WL 36790 at *3. In addition, § 5/2–604.1 is located in the pleading portion of the Illinois Code. *Serfecz,* 1997 WL 543116 at *7; *In re Asbestos Cases,* 1990 WL 36790 at *2. "The federal equivalent of the state pleading section is found in Rule 8 of the Federal Rules of Civil Procedure and is undisputably a procedural provision." *Johnson,* 1994 WL 695527 at *5. This strongly suggests that § 5/2–604.1 is procedural as well.

In sum, because § 5/2–604.1 is a state procedural requirement that does not govern a federal court sitting in diversity, Ford's Motion is DENIED insofar as it relies on § 5/2–604.1.

### CONCLUSION

For the reasons stated herein, Defendant's Motion for Partial Summary Judgment is GRANTED IN PART AND DENIED IN PART [# 14].