■ STANLEY BELLAMY et al., Appellants, v. LOLA PRIME et al., Respondents.— REYNOLDS, J. Appeal from an order of the Supreme Court, Schenectady County, reducing appellants' judgment against respondents by the amount appellants received in settlement before trial from another supposed tort-feasor. Appellants were injured when a car owned and operated by respondents in which they were passengers was involved in an accident with a vehicle owned and operated by one Edward E. Law. Appellants sued both respondents and Law, but prior to trial settled with Law for $7,500 specifically reserving their claim against respondents. After a trial the jury awarded appellants $10,500 against respondents and thereafter on respondents' motion Special Term reduced the judgment by the amount of the prior settlement with Law. Appellants urge here that since the jury also rendered a verdict for Law in his case against the respondents, thus indicating that there was no negligence on his part in the happening of the accident, respondents are not entitled to any credit on the appellants' judgment against them for the settlement made by Law. We agree that CPLR 1401 is clearly not applicable here. Law was not a joint defendant on the trial nor was any verdict ever rendered in favor of appellants jointly against respondents and Law. However, section 15–103 of the General Obligations Law provides: " The amount or value of any consideration received by the obligee from one or more of several obligors, or from one or more of joint, or of joint and several obligors, in whole or in partial satisfaction of their obligations, shall be credited to the extent of the amount received on the obligations of all co-obligors to whom the obligor or obligors giving the consideration did not stand in the relation of a surety." Pursuant to this section payments by one joint tort-feasor on account of his liability reduce *pro tanto* the amount of damages recoverable against other joint tort-feasors (*Livant* v. *Livant*, 18 A D 2d 383, app. dsmd. 13 N Y 2d 894; Restatement, Torts, § 885). Nor does the fact that the jury found Law free from culpability and that thus arguably he was never a joint tort-feasor or co-obligor affect the applicability of this section. It is sufficient that he believed he had an obligation at the time of the settlement. Furthermore, upon concluding the settlement agreement, Law for the purposes of that contract conceded his status as appellants' obligor. That a jury thereafter found that he was not culpable was merely a fortuitous after occurrence. Order and judgment affirmed, with costs. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.