575 F.2d 1089
 Charles SUNDERLAND
v.
CITY OF PHILADELPHIA and Philadelphia Gas Works and United
Gas Improvement Company a/k/a UGI Corporation,
Philadelphia Facilities Management Corporation.
Appeal of PHILADELPHIA GAS WORKS and Philadelphia Facilities
Management Corporation.
 No. 77-1956.
 United States Court of Appeals,
Third Circuit.
 Argued March 28, 1978.
Decided May 9, 1978.
 
 Gerald A. Inglesby, Richard D. Solo, Solo, Padova & Lisi, Philadelphia, Pa., for appellants.
 William Goldstein, Paul M. Goldstein, Goldstein & Goldstein, Philadelphia, Pa., for appellee.
 Before ALDISERT, GIBBONS and HIGGINBOTHAM, Circuit Judges.
 OPINION OF THE COURT
 GIBBONS, Circuit Judge.
 
 
 1
 In this diversity action for property damage and personal injuries resulting from a gas explosion, the jury returned a verdict against defendants Philadelphia Gas Works and Philadelphia Facilities Management Corporation in the total amount of $35,000. Judgment was entered in that amount. Thereafter the defendants filed an inartfully drawn motion to alter or amend the judgment. In that motion they called to the court's attention the fact that Philadelphia Gas Works had paid to American Mutual Insurance Company $7,500 on account of the latter's subrogation claim against the defendants. The subrogation claim arose out of a payment of $10,000 to the plaintiff Sunderland by American Mutual Insurance Company. That $10,000 payment represented the policy limit under a casualty policy covering the property destroyed in the explosion. Probably because the moving papers made no express reference to Rule 60(b)(5) of the Federal Rules of Civil Procedure, the district court denied relief.
 
 
 2
 Rule 60(b)(5) provides that upon a party's motion the district court may relieve that party from a final judgment on the ground that the judgment has been satisfied. Sunderland does not dispute that on account of his loss he received $10,000 from American Mutual Insurance Company. Nor does he dispute that Philadelphia Gas Works paid $7,500 to the carrier on its subrogated claim. Nevertheless, he resists the defendants' effort to receive credit against the judgment for the $7,500 which was paid. But the only reason he suggests for not granting the defendants relief under Rule 60(b)(5) is that they failed to specify that rule in their post-judgment motion. Since a Rule 60(b)(5) motion is not subject to a specific time limitation, such a motion could be made even now. There is no reason, therefore, why we should not treat the inartful motion which was filed as a motion under that rule. Sunderland argues that the denial of the relief sought here was within the discretion of the trial judge. It is true that a trial judge has considerable discretion in deciding motions under Rule 60(b). See Mayberry v. Maroney, 558 F.2d 1159 (3d Cir. 1977). But a district court does not have discretion to require two satisfactions, and the opposing party has suffered no prejudice from the moving party's delay in raising the satisfaction issue. Since no reason appears why the motion should not have been granted, we will remand to the district court for the entry of an order granting the defendant relief from the $35,000 judgment to the extent of the $7,500 paid by Philadelphia Gas Works to American Mutual Insurance Company. The defendants ask for a $10,000 credit, since this is the amount received by Sunderland. The $2,500 difference, however, is a matter between Sunderland and his insurance carrier. The defendants are entitled to relief from the judgment only to the extent of their own payments.
 
 
 3
 The defendants also seek a reversal of the judgment because of trial errors. We find no merit in any of their contentions in this respect.
 
 
 4
 The judgment appealed from will be vacated and the case remanded to the district court for the purpose of entering an order relieving the defendant from that judgment to the extent of $7,500. No costs.