**Carlos TORRES–TROCHE, et al.,
Plaintiffs, Appellants,**

v.

**MUNICIPALITY OF YAUCO, et al.,
Defendants, Appellees.**

No. 88–1840.

United States Court of Appeals,
First Circuit.

Heard Nov. 1, 1988.

Decided May 9, 1989.

Harry A. Ezratty, San Juan, P.R., with whom Philip E. Roberts, Hato Rey, P.R., was on brief, for plaintiffs, appellants.

Guillermo Silva Janer, Hato Rey, P.R., for defendants, appellees.

Before CAMPBELL, Chief Judge, WISDOM,* Senior Circuit Judge, and COFFIN, Circuit Judge.

WISDOM, Senior Circuit Judge:

In this personal injury case the plaintiffs/appellants seek to set aside a jury verdict. They contend that the trial court abused its discretion in denying a new trial. The plaintiffs also contend the district court erred in changing the judgment to reflect that the verdict in favor of the plaintiffs for $21,000 was subsumed in a

* Of the Fifth Circuit, sitting by designation.

pre-trial settlement with the insurer for $100,000.

Carlos Torres Troche was jogging on a highway near Yauco, Puerto Rico in the early morning hours of February 22, 1984 when he was struck and killed by an ambulance owned by the Municipality of Yauco. His wife and two daughters sued Yauco and its insurance carrier, Universal Insurance, for one million dollars. Before trial, Universal settled the plaintiffs' claim for $100,000 and and an additional sum of $21,-000 for certain collateral matters. The $121,000 was deposited in court and a judgment was entered dismissing the insurance company from the suit. The jury returned a verdict for $84,000 against Yauco. Because the jury found that Torres had been negligent to the extent of 75 percent in causing the accident, the award was reduced to $21,000, 40 percent of this to go to each of Torres's daughters and 20 percent to his widow. The plaintiffs moved for a new trial on the grounds that the verdict that Torres was 75 percent negligent was against the weight of the evidence and that the award was grossly inadequate. The trial judge denied the motion. Yauco moved to correct the judgment urging that the $21,000 jury award was subsumed in the $100,000 settlement between the plaintiffs and the insurer. The court granted this motion. The plaintiffs appeal from the judgment, the order denying a new trial, and the order granting Yauco's motion to correct the judgment. We affirm.

## I

■ The plaintiffs explicitly disclaimed, in their brief on appeal, that they had moved for a judgment notwithstanding the verdict. Of course, such a motion would have raised a question of law. Their motion for a new trial raises a question of the trial judge's abuse of discretion. The stan-dard for review in such a case presents a formidable obstacle to any appellant. "Verdicts may be set aside and new trial granted, when the verdict is contrary to the clear weight of the evidence, or whenever in the exercise of sound discretion the trial judge thinks this action necessary to prevent a miscarriage of justice.[1] This Court has said: "The standard of review in setting aside a jury verdict is quite narrow." [2] The trial judge must find that "the verdict is against the clear weight of the evidence, or is based upon evidence which is false, or will result in a clear miscarriage of justice".[3] After reviewing the record, we find that the plaintiffs' motion fails the accepted test.

The parties presented inconsistent accounts of the accident. The ambulance driver testified that he was driving at 35 to 45 miles an hour; a witness for the plaintiffs testified that he was driving behind the ambulance at 55 miles an hour. The plaintiffs argue that it was physically impossible for the accident to have occurred as the jury found it to have occurred; the ambulance driver testified that Troche turned into his path when Troche was six feet from the ambulance. The plaintiffs argue that the driver could not have swerved, as he said he did, if Troche had actually been that close. We consider that most of the plaintiffs' arguments are addressed to the credibility of the witnesses. The jury could have believed the ambulance driver's account in general while discounting minor inconsistencies in his testimony. The trial judge found sufficient evidence to support the verdict of the jury. "It is basic that the appellate court will overturn the trial court's decision only if there has been an abuse of discretion".[4]

The plaintiffs argue that the award was grossly inadequate. This Court, however, "rarely will override the jury's judgment

**1.** Judge John J. Parker in *Garrison v. United States,* 62 F.2d 41, 42 (4th Cir.1932). See 9 Wright and Miller, Federal Practice and Procedure § 2531 (1971). *Conway v. Electro Switch Corp.,* 825 F.2d 593, 598 (1st Cir.1987).

**2.** *CVD Inc., v. Raytheon Co.,* 769 F.2d 842, 848 (1st Cir.1985).

**3.** *Coffran v. Hitchcock Clinic, Inc.,* 683 F.2d 5, 6 (1st Cir.) *cert. denied,* 459 U.S. 1087, 103 S.Ct. 571, 74 L.Ed.2d 933 (1982).

**4.** *CVD, Inc. v. Raytheon Co.,* note 1; *Conway v. Electro Switch Corp.,* 825 F.2d 593, 598 (1st Cir.1987).

on the appropriate amount of damages to be awarded."[5] The plaintiffs presented evidence to the jury of past economic loss and future projected loss. They requested $637,205 for economic loss, estimating $560,722 of the total as compensation for loss of future wages. The defendant relied, in part, upon the widow's testimony that half of the decedent's income was attributable to her efforts. The district court correctly instructed the jury on how it should determine the measure of damage and economic loss. The court specifically cautioned the jury not to award damages based on speculative loss. The jury returned a verdict of $84,000: $33,600 for suffering and mental anguish; $50,400 for economic loss. This award suggests neither an abuse of discretion nor a "compromise verdict".[6] We conclude that the plaintiffs have failed to meet the heavy burden required to overturn a jury's award of damages.

On the record, we can not hold that the district court abused its discretion in denying the plaintiffs' motion for a new trial.

## II

■ The plaintiffs contend that the district court erred in correcting the judgment against Yauco to reflect the prior $100,000 settlement with Yauco's insurer, Universal. The plaintiffs argue that the motion to correct the judgment was a Rule 59(e) motion to amend or alter the judgment. Such motions must be filed within 10 days of the final judgment. The judgment was entered on November 5, 1987. The motion was filed November 19, 1987. The plaintiffs maintain that the court lacked jurisdiction to entertain the untimely motion. We disagree. The defendant did not denominate its motion as a Rule 59(e) motion. The motion sought to correct the judgment by subsuming the $21,000 jury award against Yauco into the $100,000 settlement. This motion is properly treated as a Rule 60(b)(5) motion which provides for relief from a judgment that has been satisfied, released, or discharged. Under Rule 60(b)(5) a motion must be filed within a reasonable period of time. The appellee's motion was filed within two weeks, a reasonable period of time.[7]

■ A review of the settlement agreement shows no provision expressly stating that the $100,000 payment (which was the limit of Yauco's insurance coverage) satisfies the first $100,000 of any judgment against Yauco. There is no ambiguity, however, in the insurance contract provision that the insurer shall "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages". That appears to have been the intention of the parties to the settlement. The plaintiffs cannot enrich themselves unjustly by receiving double indemnity for a single injury.[8]

---

**5.** *Brown v. Freedman Baking Co.,* 810 F.2d 6, 11 (1st Cir.1987).

**6.** The plaintiffs suggest that the jury was unable to agree on liability and therefore entered a low damage award. This argument is speculative.

**7.** Other courts have relied upon Rule 60(b)(5) as a basis for a motion to credit against one judgment the amount of a previous judgment or settlement. *Kassman v. American University,* 546 F.2d 1029, 1033 (D.C.Cir.1976) ("A motion for a credit on a judgment should be treated as a Rule 60(b)(5) motion"); *Snowden v. D.C. Transit System, Inc.,* 454 F.2d 1047 (D.C.Cir. 1971), *rehearing denied,* (1972) (Rule 60(b)(5) is the proper Rule by which a motion to reduce a judgment by the amount of a prior settlement is made). *But see* J. Moore & J. Lucas, 7 Moore's Federal Practice ¶ 60.26[2] n. 2, at 60–244 (1987). Moore questions whether 60(b)(5)

should apply when the release or satisfaction takes place prior to the time the judgment is entered. While this argument is facially appealing considering the language of the Rule, we nevertheless reject it. Rule 60(b)(5) should serve as the basis for a motion to correct, regardless of the time at which a judgment is satisfied. The Rule should not be interpreted so strictly that it forecloses a litigant from alerting a court to the prior satisfaction of a final judgment. *See Sunderland v. City of Philadelphia,* 575 F.2d 1089 (3rd Cir.1978) (Rule 60(b)(5) does not permit two satisfactions). Where, as here, the party settling is contractually bound to pay a certain portion of any judgment entered against the nonsettling party, the fact that such payment is made *prior to* the judgment should not operate to allow the plaintiff to recover twice.

**8.** *See Nunez v. Horn,* 336 F.Supp. 447, 449 (D.P. R.1970).

Puerto Rico's direct action statute,[9] "merely permits an injured party to maintain against the insurer the same claim it could pursue against the insured".[10] The insurer's liability arises from and is dependent on its contractual obligations to the insured.[11] If Universal and Yauco had not intended the settlement to satisfy any jury award up to $100,000, Universal's maximum liability, the agreement would have been meaningless for both Universal and Yauco. Universal has no liability unless there is a loss covered by the policy held by Yauco. Universal's settlement with the plaintiffs was in fulfillment of its obligation to pay for the first $100,000 of damages that Yauco occasioned.

In oral argument, the parties agree that the settlement with Universal was reached in anticipation of a judgment in excess of $100,000. Negotiations broke down and the case went to trial. As stipulated in the settlement agreement, the jury was not informed of the settlement with Universal. The jury returned a net award amounting to $21,000. This amount represents what the jury considered was the total value of the injury. The plaintiffs received more than $21,000 in the settlement only as a result of their attorney's bargaining ability or because of Universal's wish to avoid additional interest payments or perhaps avoid the risk of having to pay damages for failing to settle. The plaintiffs have recovered for their loss and cannot now contend that they are entitled to recover twice.

For these reasons, the judgment of the trial court is affirmed.

---

**9.** 26 P.R. Laws Ann. tit. 26, § 2003 (1976).

**10.** *Fraticelli v. St. Paul Fire and Marine Insurance Co.,* 375 F.2d 186 (1st Cir.1967).

**11.** *Ruiz Rodriguez v. Litton Industries Leasing Corp.,* 574 F.2d 44, 46 (1st Cir.1978).