In re VIRGINIA MANSIONS
APARTMENTS, INC.,
Debtor.

John M. SILVESTRI, Movant,

v.

Robert O. LAMPL, Leslie A. Lampl,
Michael R. Kelly, and James A.
Ashton, Respondents.

Bankruptcy No. 88–21186–JKF.
Motion Nos. JMS–4, JMS–3.

United States Bankruptcy Court,
W.D. Pennsylvania.

Dec. 23, 1993.

As Corrected Jan. 5, 1994.

John M. Silvestri, Pittsburgh, PA, pro se.

Robert O. Lampl, Leslie A. Lampl, James
A. Ashton, Michael R. Kelly, Pittsburgh, PA,
pro se.

## MEMORANDUM OPINION

JUDITH K. FITZGERALD, Bankruptcy
Judge.

The matter before the court is a motion for
summary judgment on John M. Silvestri's
"Motion to Have Judgments Entered December
22, 1993, as Supplemented by an Order
Entered January 28, 1993, Marked Satisfied
as to John M. Silvestri". The underlying
judgments were entered in favor of respondents
Robert O. Lampl, Michael R. Kelly,
James A. Ashton, and others not party to the
motion under consideration, and against Silvestri
and Elias J. Hakim, Jr., pursuant to
motions for sanctions. *See* Memorandum

Opinion and Order of December 22, 1992, as modified by the January 28, 1993, Supplemental Judgment Order Regarding Order and Judgment Orders of December 22, 1992, 1992 WL 391232. Sanctions were imposed against Silvestri and Hakim, jointly and severally, pursuant to Bankruptcy Rule 9011. Sanctions against Silvestri were also based on 28 U.S.C. § 1927.

Lampl assigned his judgment to himself and his wife as tenants by the entireties. Thereafter, the Lampls, Hakim, and others not party to the matter before us [1] entered into a settlement agreement which "satisfied with prejudice approximately a dozen active items of litigation, as well as a multitude of other claims and counterclaims pending" among those entities. *See* Response to Motion to Have Judgments Entered December 22, 1992, as Supplemented by an Order Entered January 28, 1993, Marked Satisfied as to John M. Silvestri, Docket Entry 339, at ¶ 5. As a result of the settlement, the Lampls, Kelly, and Ashton each filed a "Praecipe to Satisfy Judgment" in favor of Hakim. *See* Docket Entries 329, 330, 331. On behalf of the respondents, Lampl filed a response to the motion to have the judgments satisfied as to Silvestri in which he alleged that the settlement agreement and a release executed pursuant thereto specifically excluded the liability of Silvestri pursuant to the sanctions judgments. Asserting a confidentiality clause, respondents have not provided this court with a copy of the settlement agreement, although they have offered to make it available for *in camera* review.[2] The release, however, was attached to the response to the motion to have the judgments marked satisfied, and states in pertinent part with respect to the instant bankruptcy that "this Release ... by the Lampls specifically excludes any release or satisfaction of the judgment they have and/or claims that they may now or will have against John

M. Silvestri". Response to Motion to Have Judgments ... Marked Satisfied ..., Docket Entry 339, at Exhibit B at ¶ 1(i), ¶ 3.

The parties' arguments center on a disagreement as to whether Pennsylvania common law or Pennsylvania statutory law concerning contributions among joint tortfeasors applies. Under Pennsylvania common law, a release of one tortfeasor effected a release of all. The Uniform Contribution Among Tortfeasors Act, 42 Pa.Cons.Stat.Ann. §§ 8321–8327, changed the common law in some respects. Section 8325 states that "[t]he recovery of a judgment by the injured person against one joint tort-feasor does not discharge the other joint tort-feasors." Section 8326 provides:

> A release by the injured person of one joint tort-feasor, whether before or after judgment, does not discharge the other tort-feasors unless the release so provides, but reduces the claim against the other tort-feasors in the amount of the consideration paid for the release or in any amount or proportion by which the release provides that the total claim shall be reduced if greater than the consideration paid.

42 Pa.Cons.Stat.Ann. § 8326.

The Lampls assert that under Pennsylvania law Silvestri remains liable for the entire amount of the judgment in light of the specific exclusion in the settlement and release and the fact that he is separately liable for the judgments pursuant to 28 U.S.C. § 1927. Silvestri maintains, pursuant to case law after enactment of the Uniform Contribution Among Tortfeasors Act and the common law, that the satisfaction of the judgments as to Hakim operates as a satisfaction of the judgments against him. Lampl asserts that the cases cited by Silvestri are either inapplicable to or distinguishable from the instant situation.

---

1. The other parties were Janet R. Hakim, Jodi Rita Hakim–Scarpaci, Gary A. Hakim, Joseph E. Hakim, John J. Hakim, James M. Hakim, and the Sunland Properties Trust.

2. Silvestri was provided with a copy of the settlement agreement and agrees that it states that the settlement with Hakim "does not constitute any reduction or satisfaction or release of the judg-

ment and/or claims that the Lampls ... have against" him. *See* Affidavit in Support of Motion for Summary Judgment, Docket Entry 351, filed by John M. Silvestri. *See also* Movant's Reply to Respondents' Response to Movant's Motion for Summary Judgment as to Motion No. JMS–3, Docket Entry 350, filed by John Silvestri, at 7.

■ The arguments of both parties assume that state law concerning judgments against tortfeasors applies to parties involved in sanctions actions which stem from causes arising solely under federal bankruptcy law. In this case we sanctioned Hakim and Silvestri and imposed joint and several liability on them pursuant to federal law; that is, Bankruptcy Rule 9011. Silvestri also was independently liable pursuant to 28 U.S.C. § 1927. These sanctions were imposed to effectuate the federal interest in protecting the bankruptcy process from the type of abuse extant in this bankruptcy case. *See* Memorandum Opinion of December 22, 1992. In the present case, state created rights and interests are not implicated. It is the integrity of the federal bankruptcy judicial system that is at stake. Inasmuch as the question is squarely grounded in federal law, the Pennsylvania Uniform Contribution Among Tortfeasors Act and Pennsylvania case law do not apply. *Cf. In re Nanodata Computer Corp.*, 74 B.R. 766, 771 (W.D.N.Y.1987) ("federal courts acting in the bankruptcy context should deal with state law only to the extent such is *necessarily* and directly implicated by the bankruptcy issues") (emphasis in original).

Concerns over when it is appropriate to apply state laws in cases founded on federal statutes have been addressed in nonbankruptcy contexts. *Carley v. Wheeled Coach*, 991 F.2d 1117, 1119 (3d Cir.), *cert. denied,* — U.S. ——, 114 S.Ct. 191, 126 L.Ed.2d 150 (1993), concerned whether the government contractor defense applied to cases involving a nonmilitary government contractor. The Court of Appeals for the Third Circuit stated that before applying state tort law in a products liability action in such a situation, it must determine first whether state law is in significant conflict with federal interests associated with procurement contracts. In a 1990 ERISA case, the Court of Appeals for the Seventh Circuit concluded that "[w]hen ERISA is silent on an issue, a federal court must fashion federal common law rules to govern ERISA suits". *Fox Valley & Vicinity Construction Workers Pension Fund v. Brown*, 897 F.2d 275, 281 (7th Cir.), *cert. denied* 498 U.S. 820, 111 S.Ct. 67, 112 L.Ed.2d 41, *reh'g denied,* 498 U.S. 993, 111 S.Ct. 540, 112 L.Ed.2d 549 (1990). *Fox Valley* also noted that relevant statutes and state law should be examined for guidance as long as the state law is consistent with the policy underlying the federal statute at issue.

In the instant matter, there is a significant federal policy at stake to which state law has no application and in which the state has no interest. The federal interest in assuring that involuntary bankruptcy cases are not filed in order to harass or delay an adversary is preeminent.[3] We therefore conclude that neither state common law regarding the satisfaction of judgments nor the Uniform Contribution Among Tortfeasors Act applies.

■ In the parlance of federal procedure, Silvestri's motion to have the judgments against him marked satisfied is a request pursuant to Federal Rule of Civil Procedure 60(b)(5). Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (5) the judgment has been satisfied, released, or discharged....

Fed.R.Civ.P. 60(b)(5).[4] This court may relieve Silvestri from the judgment against him to the extent that the judgment has been satisfied. *Sunderland v. City of Philadelphia*, 575 F.2d 1089 (3d Cir.1978). *See also Torres–Troche v. Municipality of Yauco*, 873 F.2d 499, 501 n. 7 (1st Cir.1989) (citing cases). Rule 60(b) is not to be used as a substitute for appeal but "should be liberally construed in order to achieve substantial justice". *Budge v. Post*, 544 F.Supp. 370, 380 (N.D.Tex.1982).

---

3. *See* Memorandum Opinion of December 22, 1992, 1992 WL 391232, *1, in which we found that the involuntary bankruptcy petition was filed and the case prosecuted by Silvestri on behalf of Hakim in bad faith in order to delay Virginia Mansions Condominium Association, Inc.'s state court action, avoid Hakim's liability to Debtor and another entity, and to harass the Condominium Association and Lampl.

4. Rule 60(b) also requires that the motion be made within a reasonable time and we find that Silvestri has met that requirement.

However, an injustice could result if this court were to grant Silvestri's motion for summary judgment and the respondents have not been paid the full amount to which they are entitled. Conversely, if the settlement between the Lampls and the Hakims resulted in payment of all or some of the amounts awarded to one or more of the respondents, we will not order that any of them receive two satisfactions. *Sunderland v. Philadelphia,* 575 F.2d at 1090. Thus, we must examine the settlement agreement and attendant circumstances in order to determine whether to grant Silvestri's request to have the judgments marked satisfied as to him. In addition, the release attached to the pleadings refers only to the Lampls, who are the only respondents who signed that document. Lampl's affidavit filed with respect to the motion for summary judgment states that the settlement "involved" or "affected" Kelly and Ashton. *See* Affidavit of Robert O Lampl, Docket Entry 347, at ¶¶ 4, 6, 8. However, neither Kelly nor Ashton is signatory to the release executed pursuant to the settlement agreement. Thus, the terms of the settlement agreement itself may be relevant with respect to the amount of the judgment that is to be paid pursuant to the agreement as well as the allocation of any payments among respondents.

Based on the foregoing, and because there are genuine issues of material fact, the motion for summary judgment must be denied. Respondents must submit the settlement agreement for review by this court so that we may determine the extent to which the joint and several judgment against Hakim and Silvestri has been satisfied.[5]

An appropriate order will be entered.

### ORDER

And now, to-wit, this **23rd** day of **December, 1993,** for the reasons set forth in the foregoing Memorandum Opinion, it is **ORDERED** that the Motion for Summary Judgment is **DENIED.**

It is **FURTHER ORDERED** that, within ten (10) days hereof, respondents shall file under seal a copy of the settlement between the Lampls, and/or any other respondents, and the Hakims.

It is **FURTHER ORDERED** within ten (10) days hereof Robert O. Lampl, Leslie A. Lampl, Michael R. Kelly, and James A. Ashton shall file an itemized statement of the amounts, dates and recipients of any payments made pursuant to the settlement agreement with respect to the joint and several judgments against John M. Silvestri and Elias J. Hakim, Jr.

It is **FURTHER ORDERED** that any party may submit additional evidence or a brief with respect to the issues remaining within thirty (30) days hereof. Reply briefs may be filed within forty (40) days hereof. Any party may request the opportunity for an evidentiary hearing by written motion filed within thirty (30) days hereof. If an evidentiary hearing is requested timely it will be scheduled separately. If none is timely requested, the court will decide the matter in chambers.

---

5. In their response to the underlying motion to have the judgments marked satisfied, respondents raise the point that we also imposed sanctions against Silvestri, severally, on the basis of 28 U.S.C. § 1927. *See* Response to Motion to Have Judgments Entered ..., Docket Entry 339, at ¶ 9. To the extent that respondents are asserting that Silvestri must pay of the judgment himself even if Hakim paid all or some of it, the argument is rejected. The opinion and order of December 22, 1992, provided only one recovery, on alternative grounds, for respondents.