# United States Court of Appeals
## For the First Circuit

No. 12-1178

VÍCTOR OMAR PORTUGUÉS-SANTANA,

Plaintiff, Appellee,

v.

REKOMDIV INTERNATIONAL INC. AND RICHARD DOMINGO,

Defendants, Appellants,

v.

JAIME-ALBIZU LAMBOY-RILEY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, U.S. District Judge]

Before

Torruella, Howard, and Thompson,
Circuit Judges.

Joseph H. Reinhardt for appellants.
Carlo Defendini-Díaz, with whom Pagán, Ortega & Defendini Law Offices, PSC, was on brief for appellee Víctor Omar Portugués-Santana.
Diana M. Batlle-Barasorda, with whom Juan J. Casillas-Ayala and Casillas, Santiago, & Torres, LLC, were on brief for appellee Jaime-Albizu Lamboy-Riley.

July 29, 2013

**THOMPSON, Circuit Judge.** Twice now this case, arising out of a district court judgment against Rekomdiv International, Inc. ("Rekomdiv") and Richard Domingo ("Domingo"), comes before us. The jury had found Rekomdiv and Domingo liable for "dolo en contrahendo" under Puerto Rico law and awarded the plaintiff, Víctor Omar Portugués-Santana ("Portugués"), $625,000 in damages. Our prior decision in this case, Portugués-Santana v. Rekomdiv Int'l Inc., 657 F.3d 56 (1st Cir. 2011), remanded to the district court the issue of whether offset of the damages award was required. On remand, the district court denied any offset of the damages award and dismissed sua sponte Domingo and Rekomdiv's legal malpractice suit against their trial counsel, Attorney Jaime-Albizu Lamboy-Riley ("Lamboy"). Unhappy with the district court's rulings, Rekomdiv and Domingo appealed.

## BACKGROUND

We assume familiarity with our previous decision in Portugués-Santana, and we recite only those facts most relevant to the instant appeal.

Portugués sought to open a Victoria's Secret franchise in Puerto Rico. To do so, he sought assistance from Domingo, a Rekomdiv employee. Portugués-Santana, 657 F.3d at 58-59. Domingo recommended that Portugués work with former United States Senator Birch Bayh, a partner at the law firm of Venable, LLP ("Venable"), to assist him in establishing a business relationship with

Victoria's Secret.  Id. at 59.  Domingo explained that achieving a Victoria's Secret franchise was a "done deal."  Id.  But in order to obtain the franchise, Domingo told Portugués that he had to retain Venable to assist him.  Id.  In addition to retaining Venable, Domingo informed Portugués that he also had to hire Domingo's firm, Rekomdiv.  Id.

At trial, Portugués testified that he relied on Domingo's representations that obtaining the franchise was a "done deal" when he entered into retainer agreements with Venable and Rekomdiv.  Id. Portugués paid Venable a $400,000 retainer fee and Rekomdiv a $100,000 business broker's fee.  Id.  Portugués made another $125,000 payment directly to Rekomdiv.  Id.  Several months after entering into the retainer agreement with Venable, someone from Venable emailed Portugués, telling him that a Victoria's Secret franchise was not available because Victoria's Secret did not use a franchise or distributor model.  See id.  Venable assured Portugués that it would explore other ways to present Portugués as a worthy business partner for Victoria's Secret in Puerto Rico. Id.  In the end, Portugués got zilch for his money.

Portugués ultimately brought two lawsuits:  one against Rekomdiv and Domingo, alleging breach of contract (the "Rekomdiv/Portugués" contract) and dolo -- namely, that Domingo's false representations as to the availability of a franchise fraudulently induced him to enter into the Rekomdiv/Portugués

-3-

contract -- and the other against Venable and Bayh, for breach of contract and dolo. Portugués settled with Venable and Bayh for an undisclosed amount before the suit against Rekomdiv and Domingo went to trial. Id.

## A.  The Dolo Case:  Trial and Damages

At trial, the jury found in favor of Portugués, finding Rekomdiv and Domingo liable for dolo and assessing damages in the amount of $625,000. Id. The next day Portugués moved to alter the judgment, arguing that in addition to the damages awarded him the court should also order the contract between him and Rekomdiv null and void, see P.R. Laws Ann. tit. 31 § 1252, and further order Rekomdiv and Domingo to return the $225,000 he paid them in connection with their contract with him, see 31 Laws P.R. Ann. § 3514. In response, Rekomdiv and Domingo requested judgment as a matter of law under Federal Rule of Civil Procedure 50, a new trial under Rule 59, and an offset of the damages award by the amount of the Venable settlement.

The district court denied Portugués's motion to alter the judgment. While it agreed with Portugués that the jury's finding of dolo voided the Rekomdiv/Portugués contract, it concluded that restitution in the amount Portugués paid to Rekomdiv and Venable was not available under Puerto Rico law. Then the court found that the $625,000 damages award "clearly represent[ed] the total sums submitted by the plaintiff to [Rekomdiv and Domingo] in this case,

as well as to the Venable law firm."  The damages award, in the court's view, "include[d] $225,000 paid to defendants Rekomdiv and Domingo, plus additional sums invested and paid to Venable . . . . [Portugués] is not entitled to an additional $225,000 since he clearly received said sum in the jury verdict."

The district court denied Rekomdiv's and Domingo's motions for judgment as a matter of law, new trial, and an offset of the damages award.  In denying those motions, the court offered no explanation as to why the offset request in particular should be denied.  Rekomdiv and Domingo appealed to this court, challenging the district court's judgment on several grounds.  At that time, they argued <u>inter</u> <u>alia</u> that the district court erred in precluding them at trial from introducing evidence of the settlement agreement between Portugués and Venable to support their argument for reducing the damages award.  <u>Portugués-Santana</u>, 657 F.3d at 62.  We concluded that although the district court properly excluded the settlement agreement at trial, it erred by failing to consider the agreement when resolving Rekomdiv's and Domingo's post-trial motion for an offset of the damages award.  <u>Id.</u> at 63.  We expressed no opinion at that time as to whether offset was required.  <u>Id.</u> at 64.

On remand, the district court considered whether the damages award should be offset by the amount of the settlement between Portugués and Venable and ultimately denied the offset request.  In its order, the court noted at the outset that under

Puerto Rico law, P.R. Laws Ann. tit. 31, § 3514, a finding of dolo required that restitution be ordered separate from the damages award, and acknowledged that Portugués had requested such restitution in his post-trial motion to alter the judgment. Repeating why it had denied Portugués's request at that time, the court said the denial was "based on the assumption that the verdict totaled the sum of the amounts paid by [Portugués] to Domingo and Rekomdiv ($225,000), as well as to Venable and Bayh ($400,000)." The court acknowledged that its decision denying Portugués's motion for restitution was erroneous, see id., but it concluded that since Portugués had not appealed it, the ruling remained the law of the case.

In determining that it could not offset the damages award by the Venable settlement amount - an amount known to the court - the court explained that Portugués had received damages, a legal remedy, which is separate and distinct from restitution, an equitable remedy. In the court's view, the damages award of $625,000 were "plausible within the parameters" of the $2,000,000 in damages Portugués had requested and the jury could have awarded. The court noted that Portugués sought $2,000,000 in damages plus restitution in his separate suit against Venable and that even if Portugués's suits against Rekomdiv, Domingo, and Venable had been consolidated into one action capped at $2,000,000 in damages, plus equitable restitution of $625,000, the $625,000 damages award added

-6-

to the Venable settlement sum "do not even come close to exceeding $2,000,000." Rekomdiv and Domingo now challenge on appeal the district court's denial of the offset.

## B. The Legal Malpractice Case

While Rekomdiv and Domingo's first appeal was pending before this court, they filed a legal malpractice suit against Lamboy, their trial counsel, in April 2011. The complaint alleged that Lamboy negligently: (1) "failed to maintain a joinder of the dolo action with the action against Venable and Bayh"; (2) "failed to undertake third party practice against Venable and Bayh"; (3) "failed to object promptly and properly to the trial court's use of the improper jury instruction on the standard of proof for dolo"; (4) "waived, without Domingo's and Rekomdiv's consent, any objection to the trial court's exclusion of both the Venable settlement agreement and any mention of the facts and circumstances surrounding it"; and (5) waived, again without their consent, any objection to opposing counsel's improper closing argument by failing to timely object.

In October 2011, the matter was reassigned to the district court judge who had presided over the dolo case, and the two cases, being closely related, were consolidated. The court ordered Rekomdiv and Domingo (plaintiffs in the legal malpractice suit) to show cause on or before November 10, 2011 as to why their complaint should not be dismissed in light of our decision in

Portugués-Santana, 657 F.3d at 63-64, affirming the district court judgment and remanding for a possible offset of the damages award.

Despite Rekomdiv's and Domingo's timely response to the show cause order, the district court dismissed the complaint. The district court found that the crux of the legal malpractice claim was Lamboy's alleged failure to raise the Venable settlement agreement for purposes of offsetting damages and that dismissing the complaint was appropriate in light of the remand on the offset issue Rekomdiv and Domingo obtained on appeal. The district court added that Lamboy "acted at all times as a reasonably prudent and zealous attorney in representing now plaintiffs Domingo and Rekomdiv." Rekomdiv and Domingo now appeal that dismissal in addition to the denial of their offset request.

## DISCUSSION

### A. Offset of Damages

On appeal, Rekomdiv and Domingo first attack the district court's denial of an offset of the jury's damages award against the Venable settlement amount. Distilled to its essence, their argument is that they and Venable are joint tortfeasors, and that, as a result, Puerto Rico law requires that the jury's damages award be reduced by the settlement amount. Whether an offset is required in this case presents a question of law which we review de novo.

<u>Villarini-García</u> v. <u>Hosp. del Maestro</u>, 112 F.3d 5, 7 (1st Cir. 1997).[1]

Even assuming without deciding that Venable, Rekomdiv and Domingo are joint tortfeasors, Puerto Rico law does not require that the damages award be reduced by the settlement amount in this case. Offsetting a damages award by the settlement amount is rooted in "the principle that no one should or may unjustly enrich himself by receiving double compensation for the same accident." <u>Villarini-García</u>, 112 F.3d at 8 (citing <u>Robles</u> v. <u>Superior Court</u>, 85 P.R.R. 640, 647 (1962)). Cases addressing offsets to damages awards typically arise in negligence and medical malpractice cases, where two parties contribute to a plaintiff's injury and the award for total damages against the non-settling party is reduced by the amount of the settlement agreed to by the plaintiff and the settling party. See <u>Villarini-García</u>, 112 F.3d at 7-8; <u>Río Mar Assocs., LP, SE</u> v. <u>UHS of P.R., Inc.</u>, 522 F.3d 159, 163 (1st Cir. 2008) (citing Puerto Rico cases). Requiring an offset in those cases makes sense since the jury has computed and awarded a total damages amount against a settling as well as a non-settling party, who both contributed to plaintiff's injury. See <u>Villarini-García</u>, 112 F.3d at 7-8 (offset required where one tortfeasor was vicariously liable for the actions of another); <u>Rio Mar Assocs.</u>,

---

[1]Neither party points us to any authority, nor could we find any, requiring an offset of damages in a case involving dolo.

522 F.3d at 163 (finding district court erred in both denying offset and foreclosing the settling party's attempt to further pursue offset where hotel was liable for the damages caused not only by its own negligence but also caused by the foreseeable aggravation of the guest's injuries due to the treating hospital's negligence).

The instant case, however, presents no double compensation concern. The verdict form on its face indicates that the jury's damages award did not represent the total damages suffered by Portugués, but instead pertained only to Rekomdiv and Domingo's dolous conduct. On the verdict form, the jury answered yes to the following question: "Do you find that any of the defendants incurred in 'dolo'?" The verdict form asked the jury, "[i]f yes, indicate against which defendant(s)" and listed each defendant's name with a space to the left of each name where the jury could mark an "X". The jury placed an "X" next to "Richard Domingo" and "Rekomdiv Int'l, Inc.", but not next to Javier Saldana ("Saldana"), a Rekomdiv employee who was also a defendant in the case. When asked on the verdict form, "[w]hat damages, if any, did plaintiff sustain as a consequence of defendant's/defendants' dolo[,]" the jury responded the damages amounted to $625,000.

Rekomdiv and Domingo do not argue that the district court's jury instructions require reading the verdict form in a way that asks the jury to assess damages against anyone but them. This

is not a case where the district court instructed the jury that if it were to award damages, such award should compensate the plaintiff for all damages sustained by him as a consequence of all harmful conduct in the Victoria's Secret franchise debacle. Cf. Río Mar Assocs., 522 F.3d at 163-64 (finding error in denying offset where jury's damages award was presumed to have encompassed all damages caused by the settling and non-settling defendant in light of the court's jury instructions); Ponce v. Ashford Presbyterian Cmty. Hosp., 238 F.3d 20, 23-24 (1st Cir. 2001) (finding reduction of damages by settlement amount appropriate where jury instructions and the verdict form asked the jury to determine total damages plaintiffs suffered which included damages attributable to both settling and non-settling parties).[2] Rekomdiv and Domingo could have surely requested a total damages instruction, but did not do so.

Moreover, the fact that Portugués did not receive the restitution to which he was entitled under the Puerto Rico Civil

---

[2]The court's jury instructions made clear that the jury was to calculate the damages only for the dolous conduct of Domingo, Rekomdiv and Saldana. For example, the court instructed the jury that if it found "that any of the defendants -- Mr. Saldana, Mr. Domingo, or Rekomdiv, Inc. -- acted with dolo, or deceit, these Defendants are liable for all damages that derived from their dolos or deceitful conduct," and that if the jury did "not find dolo," it would proceed to the breach of contract claim, a claim against Rekomdiv only. The court instructed that a breach of contract finding meant that Rekomdiv "would be subject to pay Plaintiff for all losses and damages caused by that breach which may have been reasonably foreseeable."

Code only further demonstrates that Portugués has not been overcompensated. As previously mentioned, after trial Portugués moved to alter the judgment and argued that in addition to the jury's damages award, the court should declare the Rekomdiv/Portugués contract null and void and order that Rekomdiv and Domingo return the $225,000 that he paid to them in connection with the Rekomdiv/Portugués contract, citing the relevant provisions of the Puerto Rico Civil Code, see P.R. Laws. Ann. tit. 31 § 3514.[3] The district court ordered the contract void but mistakenly concluded that restitution was not available. In its order denying an offset of damages on remand, it acknowledged its error, but noted that Portugués had not appealed its earlier decision (denying restitution post-judgment), and the ruling, therefore remained the law of the case. The court did not attempt to revisit its erroneous decision by considering whether any exceptions to the law of the case doctrine applied to its decision. See Negron-Almeda v. Santiago, 579 F.3d 45, 51-52 (1st Cir. 2009).[4]

---

[3]Section 3514 does not provide for relief in the form of damages. See P.R. Laws Ann. tit. 31 § 3514. Any request for relief other than declaring the Rekomdiv/Portugués contract void and returning the money with interest exchanged between the parties, such as "damages" arising from conduct related to "dolo in contrahendo" appear to be based on § 5141. See P.R. Laws Ann. tit. 31 § 5141. Because Rekomdiv and Domingo do not challenge whether damages are available to Portugués, we need not delve into that issue here.

[4]Since Portugués does not raise this issue on appeal, we need not address it.

The fact that, as the district court clarified, Portugués was entitled to, but did not receive, restitution weighs against a finding that Portugués has received double compensation which would warrant an offset of the damages award.[5]  We therefore hold that the district court committed no error in ruling that no offset was required.

## B. The Legal Malpractice Claim

We now address Rekomdiv's and Domingo's contention that the district court erred in dismissing sua sponte their legal malpractice suit against Lamboy.  The district court ordered Rekomdiv and Domingo to show cause why their malpractice complaint should not be dismissed in light of our decision in Portugués-Santana, affirming the district court on certain issues and remanding for consideration of a possible offset of the damages

---

[5]We reject any suggestion by Rekomdiv and Domingo that McHann v. Firestone Tire & Rubber Co., 713 F.2d 161 (5th Cir. 1983) supports requiring an offset in Portugués's case.  In McHann, the plaintiff sued a tire manufacturer and an auto shop for injuries he sustained when a tire exploded as he and a mechanic at the shop were attempting to mount it on a tire rim.  Id. at 162-63.  The jury was instructed to determine the total damages to compensate the plaintiff for the injury he sustained from the explosion -- an injury he claimed was caused by both the tire manufacturer and the mechanic's handling of the tire.  Id. at 165-66.  Given that total damages instruction, the Fifth Circuit ordered that the jury's damages award against the tire manufacturer be offset by the settlement amount paid by the auto shop.  Id. at 166.  By contrast, in the present case there was no instruction that the jury's damages award would serve as full compensation to Portugués for all of the harm caused by Venable, Rekomdiv, and Domingo.  The jury was asked to decide damages for the harm only Rekomdiv and Domingo caused.

award. Presumably finding that their response failed to demonstrate why dismissal was not warranted, the district court dismissed the case. As grounds for its decision, the court explained that the "primary contention of legal malpractice in the present case" was "Lamboy's alleged failure to raise the Venable settlement agreement for purposes of offsetting/reduction of damages," and because Rekomdiv and Domingo obtained a remand on the offset issue, they no longer had a viable malpractice claim. The court further noted that Lamboy "acted at all times as a reasonably prudent and zealous attorney." Absent from the order of dismissal was any procedural basis for it.

Before us, Rekomdiv and Domingo argue that dismissal was improper under any possible standard, be it dismissal under Federal Rule of Civil Procedure 12(b)(6), 12(c) or 56.[6] Lamboy, on the other hand, says the dismissal should be construed as one under Rule 12(c) in light of the record in this case (of which we can take judicial notice)[7] and the fact that the pleadings had

---

[6]Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A party may move for judgment on the pleadings after pleadings are closed but early enough not to delay trial" under Rule 12(c). Fed. R. Civ. P. 12(c). And pursuant to Rule 56, a court may grant summary judgment where the moving party shows that there is no genuine dispute of any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

[7]When reviewing an order of dismissal, in addition to the well-pled facts alleged in the complaint and the reasonable inferences we draw in plaintiff's favor, we may look to matters of public record and facts susceptible to judicial notice. Haley v.

concluded by the time dismissal was entered.  See Fed. R. Civ. P. 12(c).  Because neither party argues the basis for dismissal was summary judgment and the docket shows the parties engaged in no discovery, we think the district court dismissed the complaint pursuant to 12(b)(6) or 12(c).  The parties agree that the appropriate standard of review is de novo regardless of whether the district court dismissed the complaint under Rule 12(b)(6) or 12(c).  Thus, we review de novo the sua sponte dismissal of Rekomdiv's and Domingo's legal malpractice claim.  See Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001).[8]

A motion for judgment on the pleadings is treated like a Rule 12(b)(6) motion to dismiss and we employ that standard here. Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008); Elena v. Municipality of San Juan, 677 F.3d 1, 5 (1st Cir. 2012). Thus, we will affirm the dismissal only if, taking all the complaint's well-pled allegations as true and viewing the other

City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

[8]The standard for upholding sua sponte dismissals, as opposed to a run-of-the-mill Rule 12(b)(6) dismissal, is more rigorous in cases where the party against whom dismissal is entered has no prior notice of the impending action. Gonzalez-Gonzalez, 257 F.3d at 36-37 (stating we will uphold a sua sponte dismissal only if the complaint's allegations, viewed "in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption."). That standard does not apply here, since the district court gave Rekomdiv and Domingo one month to show cause as to why their case should not be dismissed in light of our decision affirming the district court and remanding for a possible offset of the damages award.

-15-

facts in the light most favorable to the plaintiff, the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  We may affirm the dismissal for reasons different than those relied upon by the district court. Azubukov v. Registrar of Motor Vehicles, 95 F.3d 1146 (1st Cir. 1996) (per curiam) (table).

To state a plausible legal malpractice claim under Puerto Rico law, the plaintiff must show:  "(1) the existence of an attorney-client relationship giving rise to a duty; (2) that the attorney, either by act or omission, breaches it; (3) that said breach of duty be the proximate cause of the injury to the client; and (4) that the plaintiff client sustains actual damage or loss." Colón Prieto v. Géigel, 15 P.R. Offic. Trans. 313, 321 (P.R. 1984). The "causal nexus element" requires the plaintiff to establish that he or she "had a valid cause of action that was miscarried by the attorney's negligence." Id. at 325.  In other words, the plaintiff must show that he would have prevailed in the first suit (the underlying claim), absent the malpractice, "in order to win the second [malpractice] one." Id.  This rule has been dubbed the "suit within a suit" requirement.  Id.

Rekomdiv and Domingo concede that two of their five claims of legal malpractice against Lamboy (failure to object to the admission of the Venable settlement and failure to object to the jury instruction on the standard of proof) do not state a

-16-

plausible claim in light of our decision in <u>Portugués-Santana</u>.[9] That leaves us with the district court's dismissal of the three remaining allegations of legal malpractice that Lamboy: (1) failed to "maintain a joinder" of the dolo action with the Venable action; (2) failed to undertake third party practice against Venable; and (3) waived, without Rekomdiv's and Domingo's consent, any objection to opposing counsel's closing argument by failing to timely object. As we explain further below, the complaint fails to satisfy the causal nexus requirement that but for the alleged breaches by Lamboy, Rekomdiv and Domingo would have been successful in the dolo case.

We turn first to Rekomdiv's and Domingo's allegations that Lamboy failed to maintain a joinder of the dolo action with the action against Venable,[10] and that he failed to undertake third

---

[9]In their first appeal, Rekomdiv and Domingo argued that the district court instructed the jury on the wrong standard of proof for the dolo claim. <u>Portugués-Santana</u>, 657 F.3d at 59-60. They contended that the correct standard for dolo claims is strong, clear and convincing evidence, and that the failure to use that standard in the jury instruction was unfairly prejudicial and warranted a new trial. <u>Id.</u> at 60. We found that the district court's instruction, which blended the preponderance standard with the more stringent strong, clear, and convincing standard, was more favorable to Rekomdiv and Domingo than the instruction to which they were entitled. <u>Id.</u> at 61. Thus, we held that any error in the jury instruction was harmless. <u>Id.</u>

[10]As an initial matter, Rekomdiv and Domingo concede that Lamboy obtained a joinder of the two suits and that the court vacated the joinder two days later. While they now argue in their reply brief that Lamboy failed to go beyond that and "pursue to the limit" joinder of the cases, Rekomdiv and Domingo failed to raise that argument below nor is such allegation in the complaint.

party practice against Venable.[11] We observed in Portugués-Santana, that the evidence presented at the dolo trial "clearly support[ed] a verdict favorable to Portugués." 756 F.3d at 62. The complaint contains no allegation (nor do Rekomdiv and Domingo argue) that Lamboy's failure to further pursue consolidation of the cases or that failing to file a third party complaint against Venable would have changed the outcome of the dolo case against them.[12]

We see no reason to reach a different conclusion as to Rekomdiv's and Domingo's third claim that Lamboy waived, without their consent, any objection to Portugués's attorney's improper comments at closing argument by failing to timely object. Although not in the complaint, Rekomdiv's and Domingo's post-trial Rule 50(b) motion pointed to opposing counsel's statements purportedly seeking sympathy from the jury by referring to the fact that Portugués's father gave Portugués the money used to pay Rekomdiv and Domingo, and lost his "lifetime savings" in doing so. It is undisputed that Lamboy made a post-trial Rule 50(b) motion protesting opposing counsel's closing argument. But he did not interpose a timely objection during the argument itself. We know

---

[11]It is undisputed that Lamboy did not file a third party complaint against Venable. Lamboy claims that he advised Domingo of this option and that Domingo refused to file the complaint.

[12]While Rekomdiv and Domingo also appear to contend that they could not seek contribution against Venable due to Lamboy's failure to pursue consolidation or a third party complaint against Venable in federal court, their complaint alleged nothing of the sort.

that "when no timely objection is made, claims of improper closing argument are forfeited, not waived, and thus amenable to review for plain error."  Smith v. Kmart Corp., 177 F.3d 19, 25 (1st Cir. 1999).  But the question before us is whether Rekomdiv and Domingo, as the malpractice plaintiffs, have sufficiently alleged that Lamboy's failure to timely object satisfies the causation requirement to state a plausible malpractice claim.  We think not.

The malpractice complaint is devoid of any allegation that Lamboy's failure to object until the filing of the Rule 50(b) motion caused his clients to lose the dolo case.  In addition, improper closing arguments are typically harmless if the judge provides a curative instruction that counsel's argument is not evidence.  See Granfield v. CSX Transp., Inc., 597 F.3d 474, 491-92 (1st Cir. 2010); Hatfield-Bermudez v. Aldanondo-Rivera, 496 F.3d 51, 64 (1st Cir. 2007).  Here, the district court gave a general instruction that "arguments and statements by attorneys are not evidence," and that in closing arguments, "each attorney for each side has the opportunity to summarize what he understands he has proven to you through the evidence and what the other party, perhaps, has not proven to you by the evidence; but those are arguments of counsel, they are not evidence."  Although this was a general instruction, not a curative one, Rekomdiv and Domingo offer no reason why the instruction given does not cure any possible

adverse effects of the allegedly improper statements made by Portugués's counsel.

In sum, the allegations in the complaint fail to establish the causation element necessary to make out a plausible legal malpractice claim under Puerto Rico law. The court therefore did not err in dismissing sua sponte the legal malpractice suit.

## CONCLUSION

We affirm the district court's denial of offset of the damages award and its sua sponte dismissal of the legal malpractice suit.